176 So.2d 178 (1965)
The NORMAND COMPANY, Inc.
v.
Wilson P. ABRAHAM, d/b/a Wilson P. Abraham Construction Company and Trinity Universal Insurance Company.
No. 1834.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1965.
*179 Seale, Hayes, Smith & Baine, Edward C. Seghers, Jr., Baton Rouge, for defendants-appellants.
Paul J. Thriffiley, Jr., New Orleans, for plaintiff-appellee.
Before YARRUT, CHASEZ and BARNETTE, JJ.
CHRIS T. BARNETTE, Judge pro tem.
This is an appeal by defendants Wilson P. Abraham, d/b/a Abraham Construction Company, hereinafter referred to as Abraham, and Trinity Universal Insurance Company, hereinafter referred to as Trinity, from a summary judgment in favor of plaintiff, The Normand Company, Inc., hereinafter referred to as Normand, in the sum of $16,669.45 with legal interest from June 1, 1964, and ten percent additional as attorney's fees.
Defendants-appellants based their appeal on three contentions; namely, (1) improper service of the motion for summary judgment on defendants, (2) insufficient evidence to sustain the motion, and (3) the existence of material issues of fact. We will discuss these contentions in the order presented after a statement of the case.
Abraham, the principal contractor, was engaged by contract to construct a library-classroom building at Louisiana State University in New Orleans for the Louisiana State Bond and Building Commission, according to plans and specifications of Robert L. Stephan, architect. Abraham contracted with Normand to do certain flooring in the building, including laying resilient tile floors and ceramic and mosaic tile, according to certain specifications by subcontract No. 16 for the sum of $23,288. A change order to subcontract No. 16 was executed by which it was contracted that Normand would do additional work, not included in the original subcontract No. 16, requiring Normand to smooth and prepare the concrete subfloor for proper installation of the vinyl-asbestos tile. For this additional work a formula for fixing price was agreed upon which amounted to $5,356.33.
After completion of the work within the time specified, the alleged balance of $16,669.45 not having been paid, Normand caused a lien and privilege to be filed and recorded according to law and furnished copies to the defendants.
The work was accepted by Louisiana Bond and Building Commission, July 13, 1964. Written demand was thereafter made by Normand for payment by the principal, Abraham, and surety, Trinity. After more than thirty days, payment of the alleged balance of $16,669.45 not having been received, Normand filed suit and asks the additional amount of ten percent as attorney's fees, under LSA-R.S. 38:2246.
Interrogatories were propounded to Abraham and answered. An answer was timely filed in which defendants specifically acknowledge a balance due and owing Normand on the said subcontract and change order in the amount of $15,447.13. *180 Defendants denied owing the balance of $1,222.32, which amount it claims as an offset on account of having incurred back charges in that amount for correcting certain flooring which had been rejected by the architect.
A motion for summary judgment was filed by Normand with supporting pleading and affidavit, praying for judgment for the full amount of its claim or in the alternative for $15,447.13 admittedly due and owing. The order of the court directed defendants to show cause on December 11, 1964, why summary judgment should not be rendered.
On December 9, defendants filed an exception to the motion for summary judgment on the ground that service by mailing was not in compliance with the law, citing LSA-C.C.P. arts. 1313 and 1314. The point was made that service of such motions shall be made by the sheriff. On the same date, December 9, defendants filed opposition to the motion and pleaded the existence of material issues of fact requiring a full trial. To this opposition is annexed an affidavit of Wilson P. Abraham.
On December 11, judgment was rendered in favor of plaintiff for the full amount of his claim including attorney's fees as prayed for. For reasons which will be apparent below, we copy herein the first paragraph of the judgment:
"This matter came on for hearing before me this day on a Motion for Summary Judgment, alternatively, for partial Summary Judgment, filed by The Normand Company, Inc., plaintiff herein.
 PRESENT: Paul P. Thriffiley, Jr.,
 Attorney for Plaintiff
 and Mover
 Edward C. Seghers,
 Attorney for Defendant
The Court considering the pleadings, motion with attachment, affidavits, memorandums of authorities, the law and after hearing oral argument of counsel, is of the opinion that there are no material issues of fact, and that as a matter of law the plaintiff herein is entitled to a judgment as prayed for."
We will first dispose of the exception to the service of the motion for summary judgment. As stated above, it was made by mail and defendants contend it can only be made by the sheriff. No objection was made to the timeliness of the service but only to the manner of service.
Article 966 of the Code of Civil Procedure provides in part: "The motion for summary judgment shall be served at least ten days before the time specified for the hearing." (Emphasis added.) Article 1312 provides as follows:
"Except as otherwise provided in the second paragraph hereof, every pleading subsequent to the original petition shall be served on the adverse party as provided by Article 1313 or 1314, whichever is applicable.
"No service on the adverse party need be made of a motion or petition for an appeal, of a petition for the examination of a judgment debtor, of a petition for the issuance of garnishment interrogatories in the execution of a final judgment, or of any pleading not required by law to be in writing."
Among the exceptions not requiring service enumerated in the second paragraph of the foregoing article, motion for summary judgment is not included. It must be served as required by Article 966. We then must look to Articles 1313 and 1314 to determine the kind of service required.
Article 1313 provides as follows:
"A pleading which requires no appearance or answer, or which under an express provision of law may be *181 served as provided in this article, may be served either by the sheriff or by:
"(1) Mailing a copy thereof to the adverse party at his last known address, or to his counsel of record, this service being complete upon mailing;
"(2) Delivering a copy thereof to the adverse party, or to his counsel of record; or
"(3) Delivering a copy thereof to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
"When service is made by mail or delivery, the party or counsel making the service shall file in the record a certificate of the manner in which service was made."
A motion for summary judgment is intended to be a contradictory proceeding with hearing on the day fixed by the court. Villavasso v. Lincoln Beach Corporation, 146 So.2d 7 (La.App. 4th Cir. 1962). A judgment sustaining a motion for summary judgment has all the finality of a judgment rendered after trial. LSA-C.C. P. art. 968; Beckham v. Hartford Accident & Indemnity Company, 137 So.2d 99 (La.App. 3rd Cir. 1962). Furthermore, the order of the court, being a part of the motion for summary judgment, ordered the defendants to show cause on a fixed day "why summary judgment should not be rendered in favor of plaintiff as prayed for". There is no question in our opinion that the motion required an appearance or answer in the same sense that the original petition does, and therefore service by mailing under Article 1313 was not authorized.
Article 1314 reads as follows:
"A pleading which is required to be served, but which may not be mailed or delivered under Article 1313, shall be served by the sheriff, either on the adverse party in any manner permitted under Articles 1231 through 1265, or personally on the counsel of record of the adverse party." (Emphasis added.)
This is the pertinent article.
We believe therefore that there is merit in the exception but that the defendants waived it and cannot now be heard to reurge it on appeal.
Objection to the sufficiency of the service is one of the declinatory exceptions specifically enumerated in LSA-C.C.P. art. 925. That article concludes with the following:
"When a defendant makes an appearance, all objections which may be raised through the declinatory exception, except the court's lack of jurisdiction over the subject matter of the action, are waived unless pleaded therein." (Emphasis added.)
The filing simultaneously with the exception of its answer and opposition to the motion with supporting affidavit did not, of itself, amount to a waiver of the objection raised by the exception under the language of the article above quoted. If the filing of the answer and opposition, on December 9, was an "appearance" within the meaning of the foregoing article, and we think it was, the simultaneous pleading of the declinatory exception was a pleading "therein" within the meaning of the article.
However, defendants appeared through counsel when the motion was called for hearing on December 11, without objection. No mention was made of the pending exception, either in the minutes or the judgment. It was not overruled, as defendants stated in their brief. If it was not acted upon because of oversight, it was the responsibility of defendants' counsel to call it to the court's attention. We do not think defendants' counsel had any such thought or intent at the time, but to allow him now to take advantage of a situation created by his own silence, intentionally or *182 otherwise, would not only be unjust but a dangerous precedent. It appears from the pertinent portion of the judgment above quoted that defendants abandoned and waived any rights they might have had under the exception. The judgment clearly indicates that the defendants appeared through their attorney and opposed the motion on its merits. If defendants' counsel had any objection to hearing the motion on its merits on December 11, none is recorded. Had he called upon the court first to pass on the exception before submitting to a hearing on the merits of the motion, his rights thereunder would have been protected. His failure to do so was a waiver of his objection to the form of service. Had the judgment been one rejecting the motion for summary judgment, defendants' counsel would not have been heard to complain that his clients had not been served properly. We will not hear his complaint now, after he took his chances on the merits and lost.
We now address ourselves to the questions of sufficiency of evidence and the existence of substantial issues of fact.
This Court if fully cognizant of the caution which should be observed in granting summary judgments, and we are aware of the cases in our jurisprudence holding that the burden is upon the party who moves for summary judgment to show clearly the absence of any genuine issue of fact, and that doubt should be resolved against granting the motion.[1] We are cognizant also that the redactors of the new Code of Civil Procedure adopted this device from the Federal Rules of Civil Procedure with the comment that "it will not be successfully utilized often". (Comment under LSA-C.C.P. art. 966.) Nevertheless, we are of the opinion that this is a proper case for the granting of summary judgment.
As above stated, defendants admit a balance owing and due the plaintiff of $15,447.13. The only amount in dispute is $1,222.32 which Abraham claims as an offset, being the additional cost to him for correcting and completing a section of flooring not accepted by the architect due to improper leveling of the subsurface by Normand. Simply stated the question is, who was responsible for the leveling of the subfloor surface upon which the tile was laid?
Abraham's affidavit annexed to his opposition to the summary judgment motion verifies all pertinent allegations relative to the contract, the change order, and the responsibility of Abraham "to pour and level the concrete floor slabs" upon which Normand was to lay floor the according to specifications. He admits that Normand notified him that the base poured by Abraham was out of level and that in order to do a satisfactory job it would require corrective work. Abraham authorized Normand to make the necessary correction. Abraham states further in his affidavit that Normand had a right to reject any base flooring not suitable for laying floor the and that Normand did so in pointing out that which was not level, as above stated. He further states that when Normand then undertook the correction, the failure to do so to the satisfaction of the architect was Normand's responsibility; therefore, it is necessary to determine what agreement they had as to assumption of this responsibility.
The change order authorized Normand to "smooth and prepare slabs for vinyl-asbestos tile" in accordance with the terms *183 of the letter of March 5, 1964, attached to and made a part of the change order. That letter confirms the agreement and sets up a formula for payment and contains the following:
"This work will be performed by [Normand's] men experienced and proficient and under your [Abraham's] supervision. The final approval of these surfaces as a proper subfloor will be ours [Normand's] unless otherwise directed by you [Abraham]."
The letter agreement was acknowledged by Abraham's agent, Stanley Ponson.
On March 26, 1964, the following letter was written:
 "March 26, 1964
"Wilson P. Abraham Construction Co.
P. O. Box 2870
Baton Rouge, Louisiana
 Re: Library and Classroom
 Building
 L.S.U.N.O., New Orleans,
 Louisiana
Gentlemen:
"This is to acknowledge your instructions to us to apply the latex patching material under your direction and that you are responsible for it's [sic] smoothness and leveliness [sic].
"The installation of vinyl-asbestos tile on all subfloors will be by your approval which will be indicated by the fact that the tile installation is allowed to proceed.
"Please sign one (1) copy of this letter as your acceptance of this agreement.
 Very truly yours,
 THE NORMAND CO., INC.
 [Signed] Paul J. Normand
 Paul J. Normand
PJN/jf
Signed Stanley Ponson
Date 3/26/64"
This letter was signed by Stanley Ponson to signify his acceptance. Abraham admits the authority of Ponson, his superintendent.
The change order and the two letters clearly verify Normand's allegations that the corrective work to level the subfloors was under Abraham's supervision. Abraham must therefore assume responsibility for failure to see that it was done to the satisfaction of the architect. Since this is the only issue, there remains no question of fact to be resolved.
LSA-R.S. 38:2246, under the subject of Public Contracts, provides as follows:
"After amicable demand for payment has been made on the principal and surety and thirty days has elapsed without payment being made, any claimant recovering the full amount of his recorded or sworn claim whether by concursus proceeding or separate suit, shall be allowed ten percent attorney's fees which shall be taxed in the judgment on the amount recovered."
The claimant, Normand, being entitled to recover the full amount of his claim, is therefore entitled to the allowance of attorney's fees at ten percent of the amount of his claim plus legal interest under the authority of this section.
The summary judgment appealed from in favor of The Normand Company, Inc., and against defendants-appellants Wilson P. Abraham, d/b/a Wilson P. Abraham Construction Company, and Trinity Universal Insurance Company, individually and in solido, in the sum of $16,669.45 plus legal interest from June 1, 1964, until paid, together with ten percent of said principal and interest as attorney's fees, with all costs of court is affirmed.
Affirmed.
NOTES
[1] Brown v. B & G Crane Service, Inc., 172 So.2d 708 (La.App. 4th Cir. 1965); Boothe v. Fidelity & Casualty Company of New York, 161 So.2d 293 (La. App. 2d Cir. 1964); Joseph v. Greater New Guide Baptist Church, Inc., 159 So.2d 556 (La.App. 1st Cir. 1963); Perry v. Reliance Insurance Co. of Philadelphia, 157 So.2d 903 (La.App. 1st Cir. 1963); Wilkinson v. Husser, 154 So.2d 490 (La.App. 1st Cir. 1963); Haspel v. Treece, 150 So.2d 120 (La.App. 4th Cir. 1963); McDonald v. Grande Corporation, 148 So.2d 441 (La.App. 3rd Cir. 1962); Walmsley v. Gilmore, 144 So.2d 625 (La. App. 4th Cir. 1962).