FRUGÉ, Judge.
P. R. Insulation, Ltd., appellee, instituted suit against Performance Contractors, Ltd., appellant, claiming damages for breach of contract. On March 24, a preliminary default was entered. The default was confirmed on April 7. Within the delays provided, a devolutive appeal was perfected to this court praying for relief from this judgment. We affirm.
The judgment in the lower court provides that appellant pay damages sustained by appellee as “monies due on open account in the sum of $18,011.19, plus the sum of $146,085.99, as a result of breach of contract and unjust enrichment.”
This suit stems from an alleged breach of a contract by appellant, which contract provided for the supplying of insulation for two jobs in Jamaica. The oral con *321 tract allegedly provided “that plaintiff corporation was to be paid 15% of the amount purchased by the defendant.”
According to the sheriff’s return, service of process was obtained on the Jamaican corporation by service on “Gene S. Morris (rep. for Co.)” in St. Landry Parish, Louisiana, on March 8, 1972. The record shows that appellant filed no answer and a default judgment was entered and confirmed. Appellant petitioned for appeal and such was received on June 12, 1972.
Counsel for plaintiff contends that upon receiving copy of the transcript, he was “amazed to find that no testimony was entered therein with regard to the place where the contract took place nor to any other circumstances and factors surrounding the entering of the contract.” Counsel contended that certain questions were indeed asked at the confirmation of default hearing and moved that the trial court reintroduce the evidence which was allegedly' omitted from the transcript. The court granted this motion and on June 29 ordered that the plaintiff be allowed to reintroduce the evidence at a later hearing. On August 2 defendant filed an “Answer to Motion and Opposition Thereto” and the hearing was delayed until August 10, At this hearing the trial court denied plaintiff's motion to reintroduce the allegedly omitted evidence.
Defendant submits the following errors were committed in the proceedings below: (1) service was improper; (2) lack of jurisdiction alleged and proven; and (3) lack of requisite proof.
We shall first consider the issues of insufficiency of service and lack of jurisdiction. Defendant contends that there is “not one scintilla of evidence to indicate that it was in any way connected with the State of Louisiana, or doing business in that jurisdiction.”
Even assuming these objections are valid, we find they have been waived. Defendant corporation failed to timely object as provided by LSA-C.C.P. Arts. 925, 928. These Articles provide:
“Art. 925. Objections raised by declina-tory exception; waiver
The objections which may be raised through the declinatory exception include, but are not limited to, the following:
(1) Insufficiency of citation;
(2) Insufficiency of service of process;
(5) The court’s lack of jurisdiction over the person of defendant; and
When a defendant makes an appearance, all objections, which may be raised through the declinatory exception, except the court’s lack of jurisdiction over the subject matter of the action, are waived unless pleaded therein.”
“Art. 928. Time of pleading exceptions
The declinatory exception and the dilatory exception shall be pleaded prior to answer or judgment by default. When both exceptions are pleaded, they shall be filed at the same time, and may be incorporated in the same pleading. When filed at the same time or in the same pleading, these exceptions need not be pleaded in the alternative or in a particular order.
The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision.” (Emphasis ours.)
It is clear that defendant asked the court for relief; and, according to the intendment of LSA-C.C.P. Art. 7, defendant has impliedly waived his objections :
“Art. 7. Same; implied waiver of obj ections by general appearance
Except as otherwise provided in this article, a party makes a general appearance *322 which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time withm which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the non-residence of the defendant: or
(5)Dismissal of the action on the ground that the court has no jurisdiction over the defendant . . . ”
The defendant corporation made at least two general appearances in this action: (1) it filed a brief in opposition to plaintiff’s motion to complete the record, and (2) it put one witness on the stand in an attempt to defeat plaintiff’s motion to reintroduce evidence. Gilman v. Babin, 195 So.2d 737 (La.App. 1st Cir., 1967); Stelly v. Quick Manufacturing, Inc., 228 So.2d 548 (La.App. 3rd Cir., 1969).
Defendant submits that the nature of proof introduced into the record is improper and insufficient to confirm the default because the alleged claim for damages and breach of contract is in excess of $500. The standard of proof required in a confirmation of default is stated in LSA-C.C.P. art. 1702. This article must be read in connection with the specific proof requirem'ent of LSA-C.C. art. 2277 inasmuch as the suit is based upon an oral contract for the payment of money.
The record shows that three witnesses testified on behalf of plaintiff at the confirmation hearing. Additionally, a statement of the open account showing a balance of $18,011.92 was introduced. We find no manifest error in the trial court’s acceptance of plaintiff’s proof of the oral contract by “one credible witness and other corroborating circumstances.”
For the above-mentioned reasons, the judgment appealed from is affirmed. Defendant-appellant to pay costs.
Affirmed.