371 So.2d 1276 (1979)
Ted D. LeBLANC, Plaintiff-Appellee,
v.
Ernest LANDRY et al., Defendants-Appellants.
No. 6987.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1979.
*1277 Davidson, Meaux, Sonnier & Roy, Richard C. Meaux, Lafayette, for defendant-appellant-appellee.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Randall C. Songy and Edward C. Abell, Jr., Lafayette, for defendant-third party plaintiff-appellee-appellant, Gilmore Manuf. Co.
Voorhies & Labbe, E. Gregory Voorhies, Lafayette, Pugh & Craton, Lawrence G. Pugh, Jr., Crowley, Bernard, Micholet & Cassisa by Paul V. Cassisa, Metairie, Edwards, Stefanski & Barousse, Nolan J. Edwards, Crowley, for defendant-appellee.
Donald R. Jory, Jennings, for plaintiff-appellee.
Before WATSON, STOKER and DOUCET, JJ.
STOKER, Judge.
This is a suit for personal injuries allegedly suffered by the plaintiff, Ted D. LeBlanc, as a result of his fall into a grain bin. Made defendants in the petition are: (1) Ernest Landry, the owner of the land upon which the grain bin was situated; (2) *1278 Gilmore-Tatge Manufacturing Company, the manufacturer of the bin; (3) Dupont Manufacturers, Inc. (hereinafter referred to as Dupont, Inc.) the alleged installer and servicer of the bin; and (4) Reed-Joseph Company,[1] the alleged distributor of the bin. Subsequently, Chester Guidry, the lessee of the land and plaintiff's employer, intervened for workmen's compensation payments which he had made to the plaintiff. Also, Gilmore-Tatge, filed a third-party demand against Landry and Dupont, Inc. asking for indemnity in the event it was found to be liable to the intervenor.[2]
After answering the plaintiff's petition, Dupont, Inc. filed a motion for summary judgment in response to plaintiff's demands. On January 5, 1978, the trial judge signed a judgment granting Dupont, Inc.'s motion dismissing it from the case.[3] However, at the time this judgment was signed, Gilmore-Tatge had not been served with the plaintiff's petition. Hence, on July 17, 1978, Dupont, Inc. filed a motion for summary judgment in response to the third-party demand of Gilmore-Tatge. A hearing was held on this motion on September 14, 1978, and the trial judge signed a judgment granting the motion September 25, 1978. It is the September 25th judgment from which Gilmore-Tatge Manufacturing Company and Ernest Landry appeal. The issues presented by this appeal are:
(1) Did the trial judge err in considering certain affidavits and depositions, which were not served on Gilmore-Tatge, in deciding the motion for summary judgment;
(2) Was the trial judge correct in holding that no "genuine issue of material fact" was presented with respect to the third-party demand filed by Gilmore-Tatge against Dupont, Inc.?
ADMISSIBILITY OF AFFIDAVITS AND DEPOSITIONS
The gist of Dupont, Inc.'s motion for summary judgment filed in response to the third-party demand of Gilmore-Tatge is its assertion that the third-party demand essentially reiterates the same allegations contained in the plaintiff's petition and does not raise any new fact issues. Thus, they argue, since the plaintiff's claim against Dupont, Inc. was dismissed, likewise the claim of Gilmore-Tatge should be dismissed. Dupont, Inc. in support of its motion relied on the affidavits of its president, Clifton Dupont, certain documentary evidence referred to in the affidavit, and the depositions of DuPont and Charles Cowan which it attached and filed with the first motion for summary judgment. However, since service had not been effected upon Gilmore-Tatge at the time of the granting of the first summary judgment, Gilmore-Tatge was not served with that motion and the accompanying affidavits or the depositions.
Gilmore-Tatge was served through the mail with the motion filed against its demand. Also Gilmore-Tatge admits that counsel for Dupont, Inc. did furnish it with a copy of the deposition of Clifton Dupont, either by means of hand delivery or through the mail. However, Gilmore-Tatge has never been served with copies of the affidavit of Clifton Dupont, the documentary evidence or the deposition of Charles Cowan. On this basis, Gilmore-Tatge contends that the admission of the above mentioned evidence at the hearing on the summary judgment presently before us on appeal was prejudicial error on the part of the court below.
We conclude that it is unnecessary to decide the issue of the sufficiency of service since we find that Gilmore-Tatge waived any error by failing to object at trial. The exception of lack of service is *1279 one which is waived if the excepting party makes an appearance. LSA-C.C.P. art. 925, Bunge Corporation v. Emmons, 320 So.2d 230 (La.App. 3rd Cir. 1975); P. R. Insulation, Ltd. v. Performance Contractors, Ltd., 271 So.2d 320 (La.App. 3rd Cir. 1972). A respondent, such as Gilmore-Tatge in this case, waives service of a motion for summary judgment if he makes a general appearance at the hearing on the motion. Normand Company v. Abraham, 176 So.2d 178 (La.App. 4th Cir. 1965).
In the present case, however, Gilmore-Tatge does not in actuality object to the sufficiency of the service of the motion itself and in any event under Normand made a general appearance at the hearing. What Gilmore-Tatge is technically arguing in its brief to this court is that the trial court erred in considering the above-mentioned affidavit and depositions which were not served on it by Dupont, Inc. Gilmore-Tatge also made the same argument in a brief submitted to the trial judge approximately two months before the hearing on the motion. However, there is nothing in the record which would indicate that Gilmore-Tatge objected to the use of the evidence at the hearing. Since Gilmore-Tatge failed to note its objection at the trial level, it waived its right to contest the admission of the evidence on appeal. Meyers v. Meyers, 324 So.2d 562 (La.App. 1st Cir. 1976).
GENUINE ISSUE OF MATERIAL FACT
Having concluded that the trial judge acted properly in considering the disputed evidence at the summary judgment hearing, we must now consider whether the lower court erred in finding that there was no genuine issue of material fact presented by the third party action of Gilmore-Tatge against Dupont, Inc. The evidence which was admitted at the hearing and upon which the trial judge relied in making his ruling included the affidavit of Clifton Dupont and the depositions of Chester Guidry, Ernest Landry, Charles Cowan and Clifton Dupont. The affidavit and the depositions of Dupont and Cowan were filed by Dupont, Inc. in support of its motion; the depositions of Landry and Guidry were filed in opposition to the motion.
Gilmore-Tatge argues that the sum of this evidence manifests a genuine issue with regard to its allegation that Dupont, Inc. furnished the wrong parts for and negligently repaired the auger which was the source of the plaintiff's injuries. On the other hand, Dupont, Inc. argues that while there are certain statements in the depositions of Guidry and Landry when taken out of context could be grounds for finding a genuine factual issue, when taken as a whole, the evidence clearly evinces that Dupont, Inc. had no connection with the auger in question.
In deciding any motion for summary judgment the following general principles must be borne in mind. A summary judgment is not to be used as a substitute for a full trial of a controverted fact issue which is material to a decision in the case. Where supporting documents of the proponents and opponents of a motion for summary judgment indicate that a genuine issue of material fact may exist, the motion should be denied. McMoris v. Sheppard, 315 So.2d 342 (La.App. 4th Cir. 1975); Berthelot v. Travelers Insurance Company, 304 So.2d 59 (La.App. 1st Cir. 1974). The summary judgment procedure should be used cautiously and sparingly and any reasonable doubt concerning the existence of such should be resolved against the mover and in favor of a full trial on the merits. Mecom v. Mobil Oil Corp., 299 So.2d 380 (La.App. 3rd Cir. 1974). Moreover, the fact that the court might conclude that the evidence preponderates in favor of the opponent does not justify the denial of a full trial on the merits to resolve the disputed issue. Dougharty v. Calkraft Paper Co., 335 So.2d 772 (La.App. 3rd Cir. 1976).
Bearing in mind the above stated legal precepts, we are of the opinion that a genuine issue of material fact is presented by the case at bar. If we accepted the true situation to be that set out in the affidavit and deposition of Clifton Dupont and the deposition of Charles Cowan, then we would be required to render judgment in favor of *1280 Dupont, Inc. However, under Article 966 of the Louisiana Code of Civil Procedure and the jurisprudence cited above, we cannot weigh conflicting evidence on a material fact and if any such conflict exists the motion for summary judgment must be denied. There are statements in the depositions of both Chester Guidry and Ernest Landry which support to some extent the allegations that Dupont, Inc. serviced and furnished parts for the auger. In this regard, we quote the following from page 16 of the transcript of Chester Guidry's deposition:
Q. Now, you told us also that you, yourself, changed the auger.
A. Yes.
Q. But that you bought it from Dupont?
A. Yes, sir.
Q. You went in and they knew exactly the size?
A. The exact size, they cut it, and everything, and I just bought it, and I fit it in there myself.
Also supporting the existence of a material fact issue concerning whether Dupont, Inc. serviced or provided parts for the repair of the auger is testimony of Ernest Landry contained at pages 114-115 of the trial record, which reads as follows:
Q. Now, you said Dupont out of Rayne. You mean that's Dupont Manufacturing, Inc.?
A. Yeah, I guess so.
Q. That's who you think it was?
A. Yeah. Well, they worked on it, I know.
Q. How do you know that Dupont Manufacturing worked on it?
A. Well, theybecause I would go back and buy some parts from `em when I needed some.
Q. And you know where Mr. Dupont's place of business is?
A. Yes Sir.
Q. And where is that?
A. Highway 90 east of Rayne. On Highway 90.
Contrasted to the deposition testimony of Landry and Guidry is the assertion in the affidavit and deposition of Clifton Dupont to the effect that the records of Dupont, Inc. do not reflect that it has ever worked on the auger and "that to his certain knowledge, the auger and pit `(sometimes referred to in the petition and bin)' were not sold, installed, serviced or repaired by Dupont Manufacturers, Inc." (Tr. pp. 26-27) When this controverting assertion is considered in the light of the testimony of Landry and Guidry, a genuine issue material to a decision by the trier of fact is presented and thus we have no authority to determine the merits of this case. Dougharty, supra. Hence, the case will be remanded to the district court for a full trial of the fact issue presented.
For the foregoing reasons, the judgment of the district court granting Dupont Manufacturer, Inc.'s motion for summary judgment is reversed and the case is remanded for trial consistent with the views herein expressed. Costs of this appeal are to be borne by Dupont Manufacturers, Inc.
REVERSED AND REMANDED.
NOTES
[1] Reed-Joseph was dismissed from the suit pursuant to a motion for summary judgment. This dismissal was never appealed and is not before this court.
[2] According to the brief filed by Gilmore-Tatge, it has yet to have been served with plaintiff's petition in this case. The third-party demand was filed ancillary to the workmen's compensation intervention of Chester Guidry.
[3] This judgment was also never appealed and is not before this court.