GARRISON, Judge.
This is a companion case to Vanderdoes v. Ochsner Clinic, et al., 377 So.2d 1368 (La.App.1979). Although the two cases were not consolidated, they present parallel issues.
In the instant appeal, plaintiffs filed this action on October 8, 1976, seeking damages for the wrongful death of their mother. The death certificate indicates that Viola Yanderdoes died on October 15, 1975 from cardiac arrest, arteriosclerosis, cerebral arteriosclerosis, and cancer. Plaintiffs allege medical malpractice on the part of St. Claude General Hospital and its employees, and Dr. Frederick Pou, as well as the insurers of all parties.
On June 1, 1978, Robert Vanderdoes in proper person filed a pleading entitled “Amendment to Petition for Further Damages due to Medical Malpractice” seeking to add Drs. James DeCuers, Celeste Wichser, and Lee Roy Morgan as additional defendants. On May 8, 1979, Drs. DeCuers, Wich-ser, and Morgan moved for a summary judgment which was granted on June 1, 1979. Plaintiff appeals from that judgment.
In order for the district court to grant a motion for summary judgment, the trier must conclude that there is no genuine issue as to material fact and'that the mover is entitled to judgment as a matter of law. Employer’s Surplus Line Insurance v. City of Baton Rouge, 362 So.2d 561 (La.1978) and authorities cited therein. Defendants contend that there exists no causal connection between the treatments rendered or suggested by them and Mrs. Vanderdoes’ death.
Dr. DeCuers is a general surgeon who performed a successful biopsy on the decedent on November 20, 1974. He rendered no further assistance after her discharge on December 6, 1974.
Dr. Morgan is an oncologist who was consulted by Drs. DeCuers and Pou prior to the surgery. He examined the patient once on November 2,1974 and suggested possible medication to Dr. Pou. Dr. Morgan had no further contact with this case.
Dr. Wichser is an obstetrician-gynecologist who treated Mrs. Vanderdoes for va-ginitis in December of 1974. He had no further contact with the patient after her discharge on January 8, 1975.
Appellees offered an additional affidavit prepared by Dr. Pou, which attests that the decedent’s cause of death was totally unrelated to the treatment rendered by the ap-pellees.
C.C.P. Art. 967 provides three requirements for the affidavit, namely that it be based on personal knowledge, that it set forth facts which would be admissable, and that it show that the affiant is competent to testify to the matters stated therein. It additionally provides that if the adverse party fails to respond by setting forth specific facts showing a genuine issue, then summary judgment shall be rendered where it is an appropriate remedy.
*209 We agree that summary judgment was appropriate in this case and affirm the judgment of the trial court. Mr. Vander-does submitted only his own affidavit. As he is not a medical expert, he is not competent to attest to medical conclusions which require expert opinion. Much of the affidavit is inadmissable and fails to supply recitations of personal knowledge. Additionally, the facts to which Mr. Vanderdoes attests fail to show that a genuine issue of material fact exists.
Accordingly, the district court properly granted defendants’ motion for summary judgment. The judgment of the district court is affirmed.

AFFIRMED.