CULPEPPER, Judge.
Plaintiff filed this suit for damages for personal injuries to her minor son, resulting from his shirt catching fire while he was playing with a cigarette lighter on September 30, 1976. Defendants are West Brothers of Eunice, Inc., who allegedly sold the shirt to plaintiff, and Morrison Assurance Company, the liability insurer of West Brothers. These two defendants filed third party demands against K-Mart Corporation, who allegedly sold the lighter to plaintiff, and Gillette Company, alleged manufacturer of the lighter. After various written interrogatories and answers thereto were filed by the plaintiff and the defendants, K-Mart filed a motion for summary judgment, attaching the affidavit of K. F. Moyer, the manager of K-Mart Store in Lake Charles, Louisiana. Moyer attested that from his personal knowledge and from a study of the records of the K-Mart Store, no cigarette lighters of the type in question were sold at the store prior to February 1, 1980, which was after August 22, 1976, the date on which the plaintiff stated in answer to a written interrogatory that she had bought the lighter at the K-Mart Store in Lake Charles. The district judge granted K-Mart’s motion for summary judgment and dismissed the third party demand against it. West Brothers and Morrison, third party plaintiffs, appeal.
The issue is whether there is a fact issue as to plaintiff’s purchase of the lighter from K-Mart.
The record shows that one of the written interrogatories propounded by West Brothers and Morrison to the plaintiff reads as follows:
“15.
“What is the brand name and the manufacturer of the cigarette lighter described in your petition and you are also required to state:
(a) The approximate date you purchased it;
(b) From whom you purchased it;
(c) The approximate price you paid for it;
(d) Describe in detail its physical characteristics and mode of operation;
(e) Whether you still have it and if not, when and why you discarded it;
(f) The type of fuel used in it;
(g) Whether it was a re-usable lighter.”
In response to this interrogatory, the plaintiff answered:
“15.
“Cricket disposable butane lighter.
(a) August 22, 1976.
(b) K-Mart — Lake Charles, Louisiana
(c) $1.49
(d) It was long and slim with a chrome top, and it was yellow. You had to push down on the end of the top and hold it down to light it.
(e) I threw it away on September 30, 1976, because I way angry and upset, and partly blaming the lighter.
(f) Butane.
(g) No.”
Attached to the motion for summary judgment by K-Mart is the affidavit of K. F. Moyer, who states that he has been the manager of the K-Mart Store at 4070 Ryan Street, Lake Charles, Louisiana, since September 9, 1968 and:
“3. That based on his own personal knowledge and based on a review of store records, he states that the first time ‘Cricket’ brand disposable butane lighters manufactured by Gillette Corporation were offered for sale at the K-Mart store was on or about February 27, 1980. These Cricket lighters were obtained in *148 connection with K-Mart’s February, 1980 advertising program and they were obtained from the K-Mart distribution center in Shenandoah, Georgia and arrived in the K-Mart store here in Lake Charles on February 1, 1980. A total of 216 Cricket lighters were received and placed on sale at a price of two for one dollar. The regular non-sale price was 67 cents each.
“4. That of his own personal knowledge he states that Cricket lighters were never at any time offered for sale or sold to anyone by the K-Mart store here in Lake Charles prior to February 1, 1980 and that would include the month of August, 1976.”
LSA-C.C.P. Article 966 provides in pertinent part that summary judgment shall be rendered “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law.”
In the recent case of LeBlanc v. Landry, 371 So.2d 1276 (La.App. 3rd Cir. 1979), we stated the following rules regarding motions for summary judgment:
“In deciding any motion for summary judgment the following general principles must be borne in mind. A summary judgment is not to be used as a substitute for a full trial of a controverted fact issue which is material to a decision in the case. Where supporting documents of the proponents and opponents of a motion for summary judgment indicate that a genuine issue of material fact may exist, the motion should be denied, (citing authorities) The summary judgment procedure should be used cautiously and sparingly and any reasonable doubt concerning the existence of such should be resolved against the mover and in favor of a full trial on the merits, (citing authority) Moreover, the fact that the court might conclude that the evidence preponderates in favor of the opponent does not justify the denial of a full trial on the merits to resolve the disputed issue, (citing authority)” Supra at page 1279 (emphasis added)
Applying these rules to the present case, there is a genuine issue of material fact which must be tried on the merits. Plaintiff states in her answers to interrogatories that she purchased the cigarette lighter in question from the K-Mart Store in Lake Charles on August 22, 1976. K-Mart’s manager of the Lake Charles store states in his affidavit that no such lighters were sold by this store prior to February 1, 1980. Plaintiff’s answer to the interrogatories is in conflict with the store manager’s affidavit, thus presenting a genuine issue of fact which is material to the third party demand against K-Mart. Therefore, the judgment appealed must be reversed.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of third party plaintiffs, West Brothers of Eunice, Inc. and Morrison Assurance Company, and against the third party defendant, K-Mart Corporation, denying K-Mart’s motion for summary judgment. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against K-Mart Corporation. Assessment of costs in the trial court must await a final judgment there.
REVERSED AND REMANDED.