410 So.2d 784 (1982)
Nolan CHATMAN
v.
THOR OFFSHORE BOAT SERVICE, INC.
No. 12238.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1982.
Rehearing Denied March 19, 1982.
*785 R. Joshua Koch, Jr., Terriberry, Carroll, Yancey & Farrell, New Orleans, for defendant-appellee.
Gordon Hackman, Boutte, for plaintiff-appellant.
W. Eric Lundin, III, New Orleans, for appellee.
Before SCHOTT, GARRISON and KLEES, JJ.
KLEES, Judge.
On or about May 2, 1978, plaintiff was employed by Shell Oil Company as a roustabout aboard a fixed offshore drilling platform, located in the Gulf of Mexico approximately 40 to 45 miles from Venice, Louisiana. Plaintiff's duties aboard this platform consisted of, among other things, unloading crew and supply vessels. On the date of his alleged injury he was summoned, along with a fellow roustabout, to assist in the unloading of the crewboat OCEANUS, owned by defendant, Thor Offshore Boat Service, Inc. This order to unload was given by the acting Shell maintenance leader, J. E. Roy.
As all of the cargo was to be unloaded by crane, plaintiff and his co-workers were lowered in a personnel basket by Shell employees on to the deck of the OCEANUS, which was moored alongside the platform. Once on the vessel plaintiff proceeded with the off-loading of the cargo until all but one pallet containing sacks of sand remained. Due to the movement of several of the sacks on this particular pallet, plaintiff attempted to pick up one of the sacks in order to attach cables to the pallet. While picking up one of these sacks plaintiff sustained an injury to his back.
On September 20, 1979, defendant moved for a summary judgment. The motion was set for October 4, 1979, and plaintiff was served with the motion on September 26, 1979.
On October 4, 1979, counsel for plaintiff appeared and filed an opposition to Motion for Summary Judgment. The matter was heard on that date and summary judgment was rendered in favor of defendant Thor Offshore Boat Service, Inc.
The appellant claims that he was not served ten days prior to the hearing of the motion for summary judgment as mandated by LSA-C.C.P. Art. 966.
Appellant argues that he sought a continuance on the grounds that he was not served ten (10) days prior to the hearing date. He further argues that this motion was denied on October 3, 1979. We can find no evidence of this motion or its denial in the record. Nonetheless, appellant's counsel appeared in open court on October 4, 1979 to oppose the motion for summary judgment. A respondent waives service of a motion for summary judgment if he makes a general appearance at the hearing on the motion. See Le Blanc v. Landry, 371 So.2d 1276 (La.App. 3rd Cir. 1979); also Normand Company v. Abraham, 176 So.2d 178 (La.App. 4th Cir. 1965), See also LSA-C.C.P. Art. 925.
Appellant also claims that the court erred in failing to grant him an additional opportunity for discovery prior to the court's ruling on the motion for summary judgment.
The appellant argues that the defendant's counsel agreed to produce the captain of the OCEANUS at his counsel's office so that the captain could be deposed. This agreement was made when the plaintiff was deposed, which was approximately nine (9) months prior to the hearing of the Motion for Summary Judgment. With this in mind he cites C.C.P. 967, in particular the second paragraph which reads as follows:
"If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to *786 permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."
The article clearly states that granting a continuance to permit further discovery is purely within the wide discretion of the trial judge and accordingly his decision should be reversed only upon a showing of an abuse of that discretion.
We find no abuse of discretion in this matter. The plaintiff had nine (9) months to notice the deposition of the captain or to take other steps to obtain other facts relating to the case. There was ample time to discover facts which might have precluded the granting of the summary judgment. If the captain's testimony was material, plaintiff should have made a more diligent effort to depose him during this nine month period. Based upon these facts presented it is quite clear that the trial judge did not abuse his discretion when he denied the plaintiff's request for an additional opportunity for discovery. In essence the only thing asserted by the plaintiff in response to the motion for summary judgment was that he did not have any knowledge of facts needed to defeat the motion. As stated in Miller v. East Ascension Telephone Company, 263 So.2d 360 (La.App. 1st Cir. 1972 Writ refused 266 So.2d 430, this is not sufficient to preclude summary judgment:
"The mere denial of the knowledge of facts needed to countermand a motion for a summary judgment does not constitute a sufficient response to such a motion, and in the absence of affidavits with specific allegations of fact reflecting that a genuine issue exists, the opposition is ineffectual, and the motion for a summary judgment will be granted. See Bally Case & Cooler, Inc. v. I. A. Kramer Service, Inc., 252 So.2d 559 (La.App. 4th Cir. 1971); Duplessis v. Hullinghorst, 255 So.2d 236 (La.App. 1st Cir. 1971); and Hooper v. Wilkinson, 225 So.2d 66 (La. App.3d Cir. 1969)."
For the foregoing reasons, the judgment of the district court granting Thor Offshore Boat Service, Inc.'s motion for summary judgment is affirmed.
AFFIRMED.