432 So.2d 964 (1983)
Ruth Grondie, wife of/and David J. STRICKLAND
v.
BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, David Durham, D.D.S., Michael C. Kennibrew, D.D.S., McNeil Laboratories, Inc., Hollman-LaRoche, Inc. and Roche Products, Inc.
No. CA-0445.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1983.
*965 Kenneth J. Berke, New Orleans, for plaintiffs-appellants.
Henry B. Alsobrook, Jr., Donna L. Yukna, Adams & Reese, New Orleans, for defendants-appellee McNeil Laboratories, Inc.
Charles L. Chassaignac, Joan G. Quinters, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for defendants-appellees Hoffman-LaFoche, Inc. and Roche Products, Inc.
Before LOBRANO, WARD and WILLIAMS, JJ.
LOBRANO, Judge.
This appeal arises out of a lawsuit filed by Ruth and David Strickland against the Louisiana State University School of Dentistry and Drs. David Durham and Michael Kennibrew. Appellants allege that Mrs. Strickland was administered the drug, valium, in preparation for extraction of her wisdom teeth on October 10, 1979 and lost consciousness and suffered brain damage as a result.
On October 7, 1980, a First Supplemental and Amending Petition was filed naming as defendant, Hoffman-LaRoche as the manufacturer of valium. A second supplemental and amending petition was filed on May 6, 1981 naming Janssen Pharmaceutical, Inc. as the manufacturer of sublimage. A third supplemental and amending petition was filed on August 24, 1981 substituting McNeil Laboratories, Inc. for Janssen. Trial in the matter was to be held March 8, 1982. On January 14, 1982, McNeil filed a motion for summary judgment. On January 20, 1982, LaRoche filed a Motion for Summary Judgment. Both motions were heard and denied on February 5, 1982. On February 12, 1982, McNeil filed a Motion to Re-Urge Motion for Summary Judgment. The hearing was originally set for February 19, 1982 but was continued to February 25, 1982. Appellant filed a memorandum without countervailing affidavits to the Motion to Re-Urge Motion for Summary Judgment, on February 24, 1982. Arguments on the *966 merits on the second motions were heard February 25, 1982. The matter was taken under advisement and on March 1, 1982 the trial court granted the Motion for Summary Judgment dismissing plaintiff's suit against McNeil and LaRoche. Subsequently, on March 10, 1982 a consent judgment was entered dismissing the L.S.U. School of Dentistry and Drs. Durham and Kennibrew following settlement and compromise of plaintiff's claims against them reserving their rights against McNeil and LaRoche. This appeal followed.
Appellants allege the following specifications of error:
1) The court below erred in rendering judgment on a motion which had not been served upon the party against whom it was filed;
2) The court below erred in rendering judgment on a motion which had not been served upon the party against whom it was filed at least ten days prior to the hearing thereon.
3) The court below erred in rendering summary judgment notwithstanding the presence of genuine issues of material facts to be tried by the Court on the merits.
A review of the record indicates that appellant's arguments are without merit.
Appellant's procedural argument is that the Motions to Re-Urge Motion for Summary Judgment filed by McNeil and LaRoche on February 12 and February 17, 1982, respectively, should not have been granted because they were new motions and the LaRoche motion was never served. Appellant further argues that he was given only two days to respond following the McNeil motion. Ordinarily appellant would be correct that a court would be powerless to grant relief without the proper service of each motion and the 10 day time period within which to respond prior to the hearing. However, in the instant case, appellant made a general appearance and argued the motions on the merits. The law and jurisprudence is clear that a Motion for Summary Judgment is a pleading that requires an answer and proper service by the sheriff is required. La.C.C.Pro. Art. 1314; LeBlanc v. Landry, 371 So.2d 1276 (La.App. 3rd Cir.1979); Normand Company v. Abraham, 176 So.2d 178 (La.App. 4th Cir.1965). Objections to service are declinatory exceptions which must be raised and ruled on before a general appearance.
In LeBlanc, supra, service of a Motion for Summary Judgment was made by mailing and not by the sheriff. The Court held that the exception of lack of service is one which is waived if the excepting party makes an appearance. The Court further held that a respondent waives service of a motion for summary judgment if he makes a general appearance at the hearing on the matter.
The defendants in Normand, supra, objected to the lack of proper service of the Motion for Summary Judgment filed by the plaintiff but appeared at the hearing and argued the motion on its merits. This Court on rejecting defendant's arguments as to proper service reasoned:
"The judgment clearly indicated that the defendants appeared through their attorney and opposed the motion on its merits. If defendant's counsel had any objection to hearing the motion on its merits on December 11, none is recorded. Had he called upon the court first to pass on the exception before submitting to a hearing on the merits of the motion, his rights thereunder would have been protected. His failure to do so was a waiver of his objection to the form of service. Had the judgment been on rejecting the motion for summary judgment, defendant's counsel would not have been heard to complain that his clients had been served properly. We will not hear his complaint now, after he took his chances on the merits and lost." Normand, supra, p. 182.
There is nothing in the record to support appellants' contention that they objected to improper service of the motion filed by LaRoche. Assuming arguendo that they in fact did object, their appearance and argument at the hearing of the motions constitutes a waiver of the objection as to service.
*967 Appellant further argues that the granting of appellees' motions for summary judgment was invalid because he did not receive the requisite ten (10) day notice prior to the hearing as required by La.C. C.P. Art. 966. Appellant is correct that Art. 966 does provide that a party be given ten (10) days notice of a motion for summary judgment. However, the jurisprudence is clear that a respondent waives service of a motion for summary judgment if he makes a general appearance at the hearing of the motion and argues the motion on its merits. Chatman v. Thor Offshore Boat Service, Inc., 410 So.2d 784 (La.App. 4th Cir.1982); Normand Company v. Abraham, supra.
In both Chatman and Normand, appellants argued on appeal that they had not received the requisite ten (10) days notice of the motion for summary judgment. In both cases counsel for the appellants appeared at the hearing for summary judgment and argued the motions on the merits. This court held that appearance of counsel at the hearing constituted a waiver of the requisite ten (10) days notice. We so hold in the instant case.
In their third specification of error appellant asserts that there are genuine issues of material fact to be tried by the Court and as such a summary judgment should not have been granted.
A motion for summary judgment should be granted only if the pleadings, depositions and affidavits show that there is no genuine issue of material fact and that mover is entitled to a judgment as a matter of law. La.C.C.Pro. Article 966. The adverse party to a motion for summary judgment may not rest on his mere denials or allegations as set forth in his pleadings. He must respond, by affidavits or deposition or other admissible evidence, setting forth specific facts showing that there is a genuine issue for trial. La.C.C.Pro. Article 967.
In support of their motions for summary judgment appellees attached the affidavit of Dr. Durham, the deposition of Dr. Kennibrew, as well as the pre-trial summary of facts submitted by plaintiff at a previously scheduled pre-trial conference. The affidavit and deposition set forth the admissible testimony of both doctors stating there is no vice or defect in the literature disseminated with the drugs, nor were there inadequate warnings given. The pre-trial summary of facts submitted by plaintiff does not state any basis of recovery whatsoever against appellees. Appellant's claim was entirely directed at the alleged negligence of the treating physicians.
In opposition to the motion, appellant relies on his original pleadings as well as the memorandum in opposition thereto. Although the memorandum raises several suggestions as to what "could have happened", there is no specific contradictory evidence to raise a material issue of fact. Mere suppositions by plaintiff are not sufficient to rebut the motion. There are no countervailing affidavits from other medical experts to suggest a vice or defect in the appellees' products, or their packaging and labelling of same. See, Vanderdoes v. Ochsner Clinic, 377 So.2d 1368 (La.App. 4th Cir.1979).
Although we agree that a summary judgment should be used sparingly, and should not be a substitute for a trial, we nonetheless affirm the summary judgment granted herein. "The real test for the validity of a summary judgment is whether there is any factual issue to go to the trier of fact..." Pellegal v. Dureau, 427 So.2d 55, 57 (La.App. 4th Cir.1983). Appellees have established in support of their motion that there is no material fact at issue. In response appellant has failed to establish anything to the contrary. If there were conflicting affidavits, deposition or other evidence, it would not be the function of the court to decide those issues on a motion for summary judgment, LeBlanc, supra, as those would be properly determined at trial. However, as stated above, appellant offered nothing to the contrary. For reasons setforth herein, the judgment of the lower court is affirmed.