ROSEMARY LEDET, Judge.
I,In this case, both the defendant, City of New Orleans (“the City5’), and the plaintiff, Miccol Enterprises, Inc. (“Miccol”), filed motions for summary judgment seeking to resolve the issue of whether the administrative judgment of blight and public nuisance against Miccol is a valid judgment or a nullity. The district court granted Miccol’s motion for summary judgment and denied the City’s cross motion for summary judgment, finding that the original “Notice of Violation and Hearing Notice” issued by the City to Miccol and all subsequent proceedings, to be null and void. The City appealed. For the reasons that follow, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
On June 10, 2010, an inspector with the City’s Code Enforcement Bureau found alleged unoccupied property code violations at 2200 Ursulines Ave., New Orleans, LA 70119 (“the Property”), owned by Miccol. The City sent Miccol a “Notice of Violation and Hearing Notice”, dated July 30, 2010, apprising Miccol of the administrative hearing scheduled for September 14, 2010 regarding the alleged violations of Chapter 28 of the City Code of Ordinances.
12At the September 14, 2010 hearing Miccol was granted an extension; and the hearing was rescheduled to October 27, 2010. Following the administrative hearing on October 27, 2010, judgment was rendered and Miccol received notice of the administrative judgment, signed November 5, 2010, which stated that Miccol was found “guilty of the violations charged on June 10, 2010 ...” declaring the property blighted and a public nuisance. The judgment assessed a fine of $500.00 as a result of the violation, a $75.00 hearing cost, and a $30.00 recordation fee. The judgment further stated that failure to remit $575.00, plus the recordation costs, a total of $605.00, and correct the violation within thirty days from the date of the administrative judgment, would result in the judgment being recorded against the property, which would constitute a lien.
Miccol paid the City $605.00, which was received by the City on December 17, 2010. The City sent Miccol a “Notice of Fines Received,” dated December 20, 2010, as receipt of the $605.00. The notice stated that in order to receive an affidavit to cancel the lien, Miccol would need to bring the property into compliance with Chapter 28, or to the terms stated in the renovation letter.[1]
On May 12, 2011, the City filed a writ of fieri facias in the amount of $9,575.00. However the court issued a writ in the amount of $575.00, which is the fine for the violation and hearing cost assessed in the November 5, 2010 judgment.
On January 3, 2012, Miccol filed the petition for the instant action. The sale of Miccol’s property was scheduled for January 10, 2012. However, Miccol’s | .¡petition requested a rule to show cause as to why a preliminary injunction should not be issued restraining the City from interfering with Miccol’s possession and enjoyment of its property, and staying the sale of his property. The rule for preliminary injunction was held; and a judgment was issued on January 10, 2012, staying the sale of Mic-col’s property.
On February 6, 2012, Miccol filed a motion for summary judgment asserting that the administrative judgment signed November 5, 2010 against Miccol is null. Miccol asserts that the original “Notice of Violation and Hearing Notice” issued by the City did not include language specified *749 in Sec. 28-39(d) of the City Code of New Orleans, which the City does not dispute.[2] Sec. 28-39(d) states:
The notice shall state that the owner or alleged violator shall have seven days from the postmark date to respond in writing to request an extension of time prior to an administrative enforcement hearing to bring the unoccupied property within compliance with the Code. The notice may include any such materials as provided by the director to describe the process and criteria for applying for and being granted said extension of time.
In response, the City filed its own motion for summary judgment, which also served as its opposition to Miccol’s summary judgment. On March 30, 2012, a hearing was held on both parties’ motions for summary judgment. The matter was taken under advisement and a judgment was rendered on April 17, 2012, granting Miccol’s motion for summary judgment and denying the City’s cross motion for summary judgment. Subsequently, the City requested written reasons for the | Judgment. On April 30, 2012, the district court judge issued its reasons for judgment, which stated that “[t]he Court adopts in toto Plaintiff Miccol Enterprises, Inc.’s Memorandum in Support of their Motion for Summary Judgment.” The instant appeal, filed by the City, followed.
The City’s appeal assigns several assignments of error which we have grouped into the following four categories: 1) the district court erred in finding that Miccol did not receive proper notice prior to the October 27, 2012 hearing where a final judgment was rendered based on the City’s initial failure to inform Miccol of its right to request an extension when, in fact, Mic-col was notified of the City’s willingness to allow an extension and was granted a forty-three day extension; 2) the district court erred in allowing Miccol to raise the claim of nullity based on defective notice because Miccol waived the ability to do so by making a general appearance at two hearings; 3) the district court erred by granting Miccol’s motion for summary judgment finding that the administrative judgment to be null and void for defect patent on the face of the proceedings and denying the City’s motion for summary judgment; 4) the district court erred in adopting Miccol’s Memorandum in Support of its Motions for Summary Judgment in toto despite legal and factual errors therein.

STANDARD OF REVIEW

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. Brunet v. Fullmer, 00-0644, p. 3 (La.App. 4 Cir. 1/10/01), 777 So.2d 1240, 1241 (citing La. C.C.P. art. 966(A)(2)). The procedure is favored and shall be construed to 15accomplish these ends. Id. When an appellate court reviews a district court judgment on a motion for summary judgment, it applies the de novo standard of review, “using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate”, such as, “whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.” Gray v. American Nat’l Prop. & *750 Cas. Co., 07-1670, p. 6 (La.2/26/08), 977 So.2d 839, 844 (quoting Supreme Serv. & Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827, p. 4 (La.5/22/07), 958 So.2d 684, 638).
The moving party has the burden of establishing that there are no genuine issues of material fact. Williams v. Memorial Medical Center, 03-1806, p. 14 (La.App. 4 Cir. 3/17/04), 870 So.2d 1044, 1053 (citing La. C.C.P. art. 966(C)(2)). However, if the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, then the moving party is not required to negate every essential element of the nonmoving party’s claim. Id. The moving party may satisfy its burden merely by “pointing out” the absence of support for one or more essential elements of the nonmoving party’s claim. Id. quoting Lee v. Wall, 31,468, 31,469, p. 3 (La.App. 2 Cir. 1/20/99), 726 So.2d 1044, 1046.

DISCUSSION

We will first address the City’s assertion that the district court erred in finding that Miccol did not receive proper notice prior to the October 27, 2012 hearing where a final judgment was rendered based on the City’s initial | (¡failure to inform Miccol of its right to request an extension. The City asserts that Miccol was notified of the City’s willingness to allow an extension and was granted a forty-three day extension.
Central to the instant appeal, Miccol’s motion for summary judgment asserts that the notice sent by the City, apprising Mic-col of the alleged violation and of the September 14, 2010 hearing, did not state that Miccol could request an extension prior to an administrative enforcement hearing to bring the unoccupied property into compliance as required by Sec. 28-39(d) of the City Code of New Orleans. As stated, the City does not contest Miccol’s assertion. However, the City argues that the September 14, 2010 hearing should not be the central focus of this Court but rather the October 27, 2010 hearing at which judgment was rendered. The City asserts that at the September 14, 2010 hearing, the parties discussed the condition of the property; Miccol was verbally notified of the availability of the extension; and Miccol was granted an extension to October 27, 2010. The City attached an audio file of the September 14, 2010 hearing as an exhibit to its appellate brief. However, Mic-col objects to the use of the audio file of the September 14, 2010 hearing because it was never introduced into evidence in the district court, and it is therefore not a part of the record on appeal.
A court of appeal is a court of record, which must limit its review to evidence in the record before it. Miller v. Crescent City Health Care Center, 08-1347, p. 7 (La.App. 4 Cir. 5/28/09), 24 So.3d 891, 898 (Tobias, J., |7concurring in part and dissenting in part) (citing La. C.C.P. art. 2164). The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, judgments and other rulings, unless otherwise designated. Bd. of Directors of Indus. Dev. Bd. of City of New Orleans v. All Taxpayers, Property Owners, Citizens of the City of New Orleans, 08-0826, p. 4 (La.App. 4 Cir. 5/29/03), 848 So.2d 740, 744 (citing La. C.C.P. arts. 2127 and 2128). An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Id. Thus, Louisiana courts have consistently held that the appellate briefs or motions of parties and attachments thereto are not a part of the record on appeal; and this Court has no authority to consider on appeal facts referred to therein, or in exhibits attached thereto, if *751 those facts are not in the record on appeal. Id.
A review of the record reflects that the audio file of the September 14, 2010 hearing was not submitted to the district court, and was not considered in the district court’s ruling; thus, it is not considered a part of the record on appeal and facts referred to therein cannot be considered by this Court. This Court is limited to the notice dated July 30, 2010 apprising Miccol of the alleged violation and of the September 14, 2010 hearing, which did not include the provision specified by Sec. 28-39(d) of the City Code of New Orleans. Therefore, we find that the district court did not err in finding that Miccol did not receive proper notice prior to the October 27, 2012 hearing |swhere a final judgment was rendered based on the City’s initial failure to inform Miccol of its right to request an extension.
The City also argues that the district court erred in allowing Miccol to raise the claim of nullity based on defective notice. The City asserts that Miccol’s claim was waived by making a general appearance at two hearings, and arguing the case on the merits. The City notes that Mic-col’s officer and registered agent, Roger Smith, attended both the September 14, 2010 hearing and the October 27, 2010 hearing.
The City cites Strickland v. Board of Sup’rs of Louisiana State University and Agr. and Mechanical College, 432 So.2d 964 (La.App. 4th Cir.1983), which held that a respondent waives service of a motion if he makes a general appearance at the hearing on the motion, and argues the motion on its merits. In Strickland, the appellant argued that the granting of ap-pellees’ motions for summary judgment was invalid because he did not receive the requisite ten-day notice prior to the hearing as required by La. C.C.P. art. 966. This Court’s holding in Strickland proposes that the mandatory timing requirement of Article 966(A) can be waived when the circumstances indicate that the opponent acquiesced in the violation of the timing requirement, and the opponent is not prejudiced by that violation. Irons v. U.S. Bank, Inc., 07-0570, p. 3 (La.App. 4 Cir. 8/14/07), 966 So.2d 646, 648.
l9The City also cites to Bradley v. Theus, 28,714 (La.App. 2 Cir. 2/20/96), 668 So.2d 1304, which was a case concerning the objection to the candidacy of a mayoral aspirant. The appellant in Bradley raised several exceptions in the trial court including: insufficiency of citation, insufficiency of service of process, and nonconformity of the petition with the requirements of La. C.C.P. Art. 891. The Court in Bradley held that all three exceptions were impliedly waived by the appellant’s general appearance. Bradley, 28,714, at p. 8, 668 So.2d at 1309.
However, Miccol distinguishes the circumstances presented in the instant case from those presented in Strickland, in that Miccol does not except to service of process; rather it asserts that the proceedings and the resultant judgment are a nullity because the original notice was illegal. Miccol notes that service of process is defined as “the formal delivery of a writ, summons or other legal process.” BLACKS LAW DICTIONARY (8th ed.2004). Miccol does not except to the timing or method of delivery of the “Notice of Violation and Hearing Notice” issued by the City, but rather that the notice did not comply with the requirements of Sec. 28-39 of the City Code of New Orleans. Mic-col further argues that if the notice does not comply with the requirements set forth in the City’s own ordinance, then it is riot merely insufficient service, but illegal. What distinguishes the Strickland and Bradley cases from the instant ease is that *752 Miccol is not excepting to the sufficiency or method of delivery the “Notice of Violation and | inHearing Notice;” rather Miccol is asserting that the agency proceedings were defective and the resulting judgment is null.
Absolutely null judgments may be attacked collaterally, at any time, by rule or by any other method. Hebert v. Hebert, 96-2155, p. 3 (La.App. 1 Cir. 9/19/97), 700 So.2d 958, 959. Specific vices of form that render a judgment absolutely null are provided in La. C.C.P. art. 2002, which is an exclusive list. Id. However, Louisiana law recognizes that a judgment may also be absolutely null or void ab initio for defects patent on the face of the proceedings. Hebert, 96-2155, at p. 4, 700 So.2d at 959. Even if the judgment could not be collaterally attacked, a direct action of nullity preceded by petition and citation could be filed, which was done in the instant case. Garnett v. Ancar, 208 So.2d 812, 814 (La.App. 4th Cir.1967); see also Succession of Moore, 97-1668, 97-1669, p. 17 (La.App. 4 Cir. 4/1/98), 737 So.2d 749, 759. Therefore, Miccol has not waived its right to raise the claim of nullity, and the City’s assignment of error is without merit.
The City also asserts that the district court erred by granting Miccol’s motion for summary judgment, finding that the administrative judgment to be null and void for defects patent on the face of the proceedings, and denying the City’s motion for summary judgment because the City has shown that no grounds exist to nullify the administrative judgment.
Although Miccol did not seek review under the Administrative Procedure Act (“APA”), La. R.S. 49:964, the APA provisions are applicable to the review of the administrative judgment in this case. La. R.S. 49:964(G) provides:
fyThe court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court....
When a court is considering whether an agency’s actions were made upon unlawful procedure under La. R.S. 49:964(G)(3), it is determining whether the process used in arriving at the decisions afforded those affected their procedural due process. Save Ourselves, Inc. v. Louisiana Envtl. Control Comm’n, 452 So.2d 1152, 1158-59 (La.1984).
Sec. 28-39 of the City Code of New Orleans sets forth several requirements to be included in the notification of an administrative enforcement hearing. As stated, Miccol asserts that the “Notice of Violation and Hearing Notice” issued by the City did not comply with the requirements set forth in Sec. 28-39(d) of the City Code of New Orleans, which states that the “notice shall state that the owner or alleged violator shall have seven days from the postmark date to respond in writing to request an extension of time prior to an administrative enforcement hearing to bring the unoccupied property within compliance with the Code.” (Emphasis sup *753 plied.) La. C.C.P. art. 5053 expressly provides that “[t]he word ‘shall’ is [ ^mandatory, and the word ‘may5 is permissive.” Thus, the provision specified under Sec. 28-39(d) of the City Code of New Orleans is a mandatory provision, and the City failed to comply with it.
Further, administrative decisions that are penal in nature are strictly construed. In re Shiplov, 05-0498, p. 2 (La.App. 4 Cir. 10/18/06), 945 So.2d 52, 55. The “Notice of Violation and Hearing No tice” issued by the City to Miccol provides for harsh remedies. The notice states that if the alleged violations are not corrected the property may be expropriated, the property can be demolished and a lien can be placed on the property.
Laws that provide for the coming into existence of liens and privileges are strictly construed. City of Alexandria v. Shevnin, 240 La. 983, 991, 126 So.2d 336, 339 (1961) (citing City of Natchitoches v. Kile, 54 So.2d 834, 836 (La.App. 2d Cir.1951)). When it is provided that liens and privileges may arise only after the performance of certain definite acts by a governing authority, strict adherence to such requirements is mandatory as a condition precedent thereto. Id. Under Louisiana law, hens and privileges are stricti juris and the party who claims or asserts one must be able to identify the law under which it is granted. Id., 240 La. at 990, 126 So.2d at 338.
In this case, one of the requirements to be included in the notification of an enforcement hearing is information apprising the alleged violator of his or her right to request an extension prior to the administrative enforcement hearing. This, as admitted by the City, was not done in the “Notice of Violation and Hearing | lsNotice” sent to Miccol. The City asserts that the absence of information on the “Notice of Violation and Hearing Notice” regarding Miccol’s right to request an extension of time prior to the initial hearing where no judgment was rendered is a technicality and that the district court’s judgment, declaring the administrative judgment null, would lead to absurd consequences. The City cites Hawk Field Services, L.L.C. v. Mid America Underground, L.L.C., 47,-078, p. 6 (La.App. 2 Cir. 5/16/12), 94 So.3d 136,141, which states that “strict construction [of a statute] cannot be so interpreted as to permit purely technical objections to defeat the real intent of the statute.” The City relies on their assertion that Miccol was verbally notified of its right to request an extension of time at the September 14, 2010 hearing. However, the City’s assertion as to what was communicated to Mic-col at the September 14, 2010 hearing is not substantiated by any evidence. As stated, the audio file of the September 14, 2010 is not a part of the record on appeal, and facts referred to therein cannot be considered by this Court.
In this case, Sec. 28-39(d) of the City Code of New Orleans expressly mandates the City apprise the alleged violator of their right to request an extension of time prior to an administrative hearing to bring their property within compliance. The provision goes into further detail as to what the notice may include, such as, a description of the process and the criteria for applying and being granted an extension. Pursuant to the provisions of Sec. 28-39(d) of the City Code of New Orleans, the purpose of the notice of administrative hearing is to: 1) accurately provide the property owners name, property address, and the date, time 114and place of the hearing; 2) apprise the owner or alleged violator of the nature of the alleged violations; and 3) apprise the property owner or alleged violator that he has a right to request an extension to bring his property into compliance. These express requirements are not mere technicalities. Accordingly, we find that the district court did not err by granting Miccol’s motion for *754 summary judgment finding that the administrative judgment to be null and void for defects patent on the face of'the proceedings, and denying the City’s motion for summary judgment.
The City also asserts that the district court erred in adopting Miccol’s Memorandum in Support of its Motions for Summary Judgment in toto despite legal and factual errors therein. A “judgment” and “reasons for judgment” are two separate and distinct legal documents. Succession of Velasquez-Bain, 471 So.2d 731, 750 (La.App. 4th Cir.1985). As this Court has expressed:
On appeal, this court reviews judgments-not “cases” or “reasons for judgment” — and it generally reviews one particular judgment, namely the judgment specified on the trial judge’s order granting a motion for appeal. Thus on appeal, this court examines the result of that judgment, not the reason why the trial court reached that result, because this court may not substitute its own views on the credibility of witnesses in the absence of manifest error. Accordingly, where this court believes that the trial court reached the proper result, the judgment will be affirmed even though this court may disagree with some aspects of the trial judge’s views on credibility.
Id. at 751.
The district court’s reasons for judgment are not under appellate review. Therefore, the City’s assignment of error is not persuasive.

CONCLUSION

For the foregoing reasons, the district court’s judgment is affirmed.
| ^AFFIRMED

. Miccol asserts in its petition that it never received a “renovation letter.”

. Miccol’s Memorandum in Support of Motion for Summary Judgment asserts in its Facts and Statement of the Case that the "Notice of Violation and Hearing Notice” issued by the City did not include a list of violations; rather it attached an inspection report that did not mention the alleged Chapter 28 violations, which is disputed by the City. However, this assertion was not urged in support of Miccol’s argument for summary judgment to the district court.