EDWIN A. LOMBARD, Judge.
|/The Appellant, Kevin M. Dupart, seeks review of two (2) judgments, dated June 20, 2013 and August 21, 2013, of the district court denying his respective Motions for Preliminary Injunction. Finding that the district court committed manifest error in rendering its June 20, 2013 judgment, and further finding that the district court erred in failing to render an Administrative Judgment of the City of New Orleans — the Appellee — null, we reverse.
The instant cases were consolidated by order of this Court. This consolidated appeal arises out of a code enforcement proceeding brought by the City of New Orleans (“the City”), against Kevin M. Dupart (“Mr. Dupart”), as the owner of property located at 1416 Mandeville Street (“the Property”) in New Orleans. In July 2010, the Property was inspected by a New Orleans code enforcement inspector, who noted violations of the unoccupied property standards code then located in Chapter 28 of the New Orleans Code of Ordinances (“the City Code”). As a result of the violations found, the City scheduled an administrative hearing for October 21, 2010, and a Notice of Hearing |awas sent via certified mail to Mr. Dupart on September 14, 2010, advising him of the October hearing date.[1]
*235 Mr. Dupart attended the October 21, 2010 hearing, where he was found “conditionally guilty” of City Code violations by an Administrative Hearing Officer (“AHO”) at the Recommendation of a City Facilitator. The AHO further informed Mr. Dupart that he was being fined $500 plus $75 in costs and $100 per day, but the fines would be suspended or rescinded if there was substantial work in progress by December 15, 2010, the next hearing date set. A judgment was not rendered against Mr. Dupart as a result of this hearing.
At the December 15, 2010 hearing, which Mr. Dupart attended, the AHO determined that the condition of Mr. Du-part’s property was still in violation of the City Code. He was fined $500 plus $65 in costs plus $300 per day for sixty days; however, the AHO informed him that the judgment could be suspended if he could prove that there was work in progress on the property by the next hearing date. Thus, Mr. Dupart was given a 60-day extension, until the next hearing date of February 16, 2011, to bring his property into compliance.
On February 9, 2011, the Property was again inspected and was deemed to still be in violation. Consequently, at the February 16, 2011 hearing, the AHO determined that the Property was blighted and a public nuisance. Mr. Dupart did not attend this hearing. The AHO rendered a Final Judgment (“the Administrative Judgment”) on February 16, 2011, but it was not signed until March 9, 2011.
The Notice of Administrative Judgment was filed as a lien in the Office of the Recorder of Mortgages for Orleans Parish in April 2011. Thereafter, the City | ^requested the issuance of a writ of fieri facias, and the Clerk of Civil District Court issued the writ in case no. 2011-4585. A Notice of Seizure was later issued setting the property for sale by the Sheriff of Orleans Parish (“the Sheriff’) on November 8, 2011. ■ Mr. Dupart’s property was seized by the Sheriff on August 30, 2011. The City effectuated domiciliary service of the Notice of Seizure and initial sale date on Mr. Dupart on or about September 1, 2011. The property was initially offered at auction on November 8, 2011, but was ultimately sold at an April 18, 2012 Sheriffs sale.
Prior to the auction purchaser paying for the Property and the sheriffs deed being issued, on May 8, 2013, Mr. Dupart filed a “Petition to Annul Sheriffs Sale, To Annul Administrative Judgment, For Temporary Restraining Order, For Preliminary and Permanent Injunction, and for Damages” seeking to enjoin the completion of the sale and delivery of the deed to the auction purchaser. The district court granted the temporary restraining order, and Mr. Dupart’s lawsuit was transferred to the division of the district court to which the foreclosure suit had been allotted and consolidated with said suit.
A hearing on Mr. Dupart’s Motion for Preliminary Injunction was held on June 13, 2013. At the preliminary injunction hearing, Mr. Dupart argued that the Administrative Judgment was null and void for defects patent on the face of the proceedings, specifically that the Notice of Hearing did not comply with City Code Sec. 28 — 39(d). The district court, however, held that Mr. Dupart had been granted two (2) extensions of time to bring the Property into compliance and denied the | preliminary injunction motion. Mr. Du-part appealed the denial of his Motion for Preliminary Injunction.[2]
Mr. Dupart later filed a second Motion for Preliminary Injunction arguing that *236 the Administrative Judgment was null and void because: 1) it was not signed within seven (7) days of the administrative hearing as explicitly required by City Code Sec. 28-44, and 2) it did not comply with the requirement of City Code Sec. 28-39(c) that “the notification shall expressly state: ‘The purpose of the hearing is to determine whether the unoccupied property is blighted for purposes of expropriation.’ ” The district court denied Mr. Dupart’s second Motion for Preliminary Injunction sua sponte without a hearing.
Subsequently, Mr. Dupart timely appealed the denial of his second Motion for Preliminary Injunction.[3] Mr. Dupart’s appeals were later consolidated by our Court. In this consolidated appeal, Mr. Dupart raises two (2) assignments of error:
1. The district court committed legal and factual errors, and abused its discretion in denying his first motion for preliminary injunction because the Administrative Judgment is null and void based upon a defective Notice of Hearing that was noncompli-ant with the requirements of City Code 28-39(d).
2. The district court committed legal and factual error and abused its discretion in denying his second motion for preliminary injunction because the Administrative Judgment is null and void because it was not signed within seven (7) days of the code enforcement hearing as required by City Code Section 28-44.
“The standard of review for a preliminary injunction is whether the trial court abused its discretion in ruling.” Mid-South Plumbing, L.L.C. v. Dev. Consortium-Shelly Arms, L.L.C., 12-1731, p. 10 (La.App. 4 Cir. 10/23/13), 126 So.3d 732, 739 (citing Kern v. Kern, 11-0915, p. 6 (La.App. 4 Cir. 2/29/12), 85 So.3d 778, 781). As we have explained, “[t]hat broad standard is, of course, based upon a conclusion that the trial court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding that was necessary to the proper exercise of its discretion.” Id. [citations omitted].
The preliminary injunction is an interlocutory device designed to preserve the existing status pending a trial of the issues on the merits of the case. Id., 12-1731 at p. 9, 126 So.3d at 739 (citing Chalmette Amusement Co., Inc. v. Alphonso, 07-1512, p. 7 (La.App. 4 Cir. 4/16/08), 983 So.2d 239, 243). It may be granted based merely on a prima, facie showing by the petitioner that he is entitled to relief. Id. (citing Mary Moe, L.L.C. v. Louisiana Bd. of Ethics, 03-2220, p. 9 (La.4/14/04), 875 So.2d 22, 29). To prevail on a hearing for a preliminary injunction, the mover must show: 1) the injury, loss or damage mover will suffer if the injunction does not issue may be irreparable; 2) that he or she is entitled to the relief sought; and 3) that he or she is likely to prevail on the merits of the case. See Kern, 11-0915 at p. 6, 85 So.3d at 781. However, when the conduct sought to be enjoined is unlawful, a showing of irreparable harm is not required. Moretco, Inc. v. Plaquemines Parish Council, 12-0430, p. 6 (La.App. 4 Cir. 3/6/13), 112 So.3d 287, 290.
Compliance with City Code Sec. 28-39(d)
In his first assignment of error, Mr. Dupart avers that the district court committed legal and factual errors, and abused its discretion in denying his initial Motion for Preliminary Injunction. He avers that *237 the Administrative Judgment is Rnull and void based upon the City’s issuance of a defective Notice of Hearing that was non-compliant with the requirements of City Code 28-S9(d).
City Code Sec. 28-39(d) provides:
The notice shall state that the owner or alleged violator shall have seven days from the postmark date to respond in writing to request an extension of time prior to an administrative enforcement hearing to bring the unoccupied property within compliance with the Code. The notice may include any such materials as provided by the director to describe the process and criteria for applying for and being granted said extension of time.
Mr. Dupart contends that the City’s September 14, 2010 Notice of Hearing lacked a required element under Sec. 28-39(d): notice of his right to request an extension of time to bring the Property into compliance prior to the hearing. The City does not contest Mr. Dupart’s assertion that his Notice of Hearing lacked language advising him that he had a limited time within which to request an extension of time to come into compliance prior to the administrative hearing.
He further argues that Miccol Enterprises, Inc. v. City of New Orleans, 12-0864 (La.App. 4 Cir. 12/19/12), 106 So.3d 746, is dispositive of this issue, but the district court misapplied our holding in Miccol in denying his Motion for Preliminary Injunction. Mr. Dupart avers that in Miccol, we reached the following holdings:
• administrative decisions that are penal in nature are strictly construed;
• [l]aws that provide for the coming into existence of liens and privileges are strictly construed; and
• the express requirements of the City Code relative to the contents of notices of hearings were “not mere technicalities.”
Miccol, 12-0864 at pp. 12-14, 106 So.3d at 753. He maintains that based upon these holdings, the City’s deficient Notice of Hearing renders the Administrative Judgment “null and void for defects patent on the face of the proceedings.” Id., 12-0864 at p. 14, 106 So.3d at 754.
Moreover, although the hearing officer at the October 21, 2010 hearing granted him an extension, Mr. Dupart avers that the extension is irrelevant because City Code Sec. 28-39(d), which must be strictly construed pursuant to Miccol, requires written notice of an extension of time prior to the hearing. He argues that considering the ordinance’s requirements, such a defect is incurable after the notice has been sent and renders the entire proceeding null and void for defects on the face of the proceedings.
Additionally, he avers that substantial compliance with the requirements of Sec. 28 — 39(d) did not occur because the City did not inform him of his right to request an extension of time prior to the hearing, nor was he offered and/or granted an extension of time before the hearing. Once the administrative hearing commenced, it was impossible to grant him an extension of time “prior” to the hearing. He contends that the extension granted was actually a finding of conditional guilt as well as an assessment of a $500 fine, costs of $75 and a daily fine of $100, with the costs and fines being rescinded or suspended if the Property was either brought into compliance or there was substantial work in progress by December 15, 2010. Consequently, Mr. Dupart argues that the district court confused the AHO’s giving of additional time to bring the Property into compliance at the October 2010 hearing as fulfilling the requirement that he be advised of his right to request an extension *238 of time before the administrative hearing occurred. Thus, he argues that the district court committed legal error |Rand/or abused its discretion in holding that the City’s substantial compliance with the ordinance was legally sufficient. We agree.
In Miccol, our court reviewed whether the district court erred in granting the plaintiffs motion for summary judgment on the issue of whether the City’s administrative judgment of blight and public nuisance against the plaintiff was a nullity. In that case, the City issued a “Notice of Violation and Hearing Notice” notifying the plaintiff of alleged City Code property violations and of an administrative hearing.[4] The plaintiff was granted an extension at the initial hearing; however, at the following hearing the plaintiff was found guilty and the property was adjudicated blighted and a public nuisance.
Thereafter, the City filed a request for the issuance of a writ of fieri facias, which was issued by the Clerk of Court. An auction date was set subsequently to sell the plaintiffs property. Prior to the sale, however, the plaintiff filed a petition seeking a preliminary injunction to prevent the sale and to stop the City from interfering with the plaintiffs possession. The district court issued a judgment staying the sale of the property. Miccol, 12-0864 at pp. 1-3, 106 So.3d at 748.
The plaintiff later filed a motion for summary judgment arguing that the administrative judgment issued was null because the wording of the original “Notice of Violation and Hearing Notice” did not conform with Sec. 28-39(d) of the City Code of New Orleans. The City also filed a motion for summary judgment. The district court granted the plaintiffs motion for summary judgment, but denied the City’s motion. Id., 12-0864 at p. 3, 106 So.3d at 748-49.
|9On appeal, the City challenged the district court’s grant of summary judgment alleging that the plaintiff was verbally notified of his right to request an extension of time at the first administrative hearing and that an audio file of said hearing evidenced the notification. However, our Court explained that the audio file, which was not included in the record, could not be considered by our Court on appeal. Id., 12-0864 at pp. 6-7, 106 So.3d at 750-751.
We ultimately determined under our de novo review, that the district court did not err by granting the plaintiffs motion for summary judgment finding the administrative judgment to be null and void for defects patent on the face of the proceedings, and denying the City’s motion for summary judgment. Id., 12-0864 at pp. 13-14, 106 So.3d at 753-54. We explained that one of the purposes of the Notice of Hearing, pursuant to Sec. 28-39(d) is to apprise the property owner or alleged violator of his or her right to request an extension to bring the property into compliance. Id. We held that Sec. 28-39(d) “expressly mandates the City apprise the alleged violator of their right to request an extension of time prior to an administrative hearing to bring their property within compliance.” [5] Id. [emphasis added]. Lastly, *239 our Court considered that there was no evidence that the plaintiff received notification of an enforcement hearing that included information apprising the alleged violator, the plaintiff, of its “right to request an extension prior to an | ^administrative hearing to bring its property into compliance.” Id., 12-0864 at p. 13, 106 So.3d at 753. We further explained:
the City’s assertion as to what was communicated to Miccol [the plaintiff] at the September 14, 2010 hearing is not substantiated by any evidence. As stated, the audio file of the September 14, 2010 is not a part of the record on appeal, and facts referred to therein cannot be considered by this Court.

Id.

We note that in denying Mr. Dupart’s motion at the preliminary injunction hearing, the district court reasoned that it reviewed Miccol, but found it to be factually distinguishable because our Court in Mic-col could not consider the administrative hearing audio file, wherein the hearing officer’s allegedly granted an extension, as the file was not made a part of the record. The district court reasoned:
Considering all of the foregoing factual circumstances, this court finds that the City of New Orleans substantially complied with the law, that Mr. Dupart was proeedurally noticed regarding the conditions of his property, he failed to remedy the defects, and he was afforded reasonable opportunities to be heard. Unlike Miccol Enterprises, Inc. v. City of New Orleans, wherein the Fourth Circuit’s review of the record did not include the transcript or audio tapes of the administrative hearings, here this court has the benefit of reviewing the transcripts and CDs of two administrative hearings which granted plaintiff two extensions of time. Based on the reasons orally assigned and because plaintiff has failed to meet the threshold requirement to warrant injunctive relief, plaintiffs request for a preliminary injunction is hereby denied.
The district court is correct in its observation that it had the benefit of a more complete record and, therefore, could review the transcripts of the first administrative hearing where Mr. Dupart was given an extension of time. However, we find that this distinction is not dispositive of whether the City in fact |ncomplied with its requirement to notify Mr. Dupart of his right to request an extension prior to the administrative hearing.
As we explained in Miccol, one of the purposes of the Notice of Hearing is to apprise the property owner or alleged violator of his or her right to request an extension to bring the property into compliance. This appraisal is mandated by City Code Sec. 28-39(d). It is undisputed that Mr. Dupart was not notified prior to his first hearing that he had the right to delay the hearing by requesting an extension of time to bring his property into compliance with the City Code. Moreover, Mr. Dupart was given an extension at the October 21 hearing, but he was not advised prior to being sworn-in at said hearing that he could have requested an extension.
The City’s deficient notice precluded Mr. Dupart of availing himself of his right to request an extension prior to the hearing, potentially remedying the Property, and avoiding conditional fines and costs. Being granted an extension of time after testifying before an administrative hearing officer who found him “conditionally guilty” and “conditionally” levied fees and *240 costs totaling over $600 against him, is distinct from being timely notified by the City that, he was entitled to request an extension of time to bring his property into compliance. An administrative record against Mr. Dupart commenced as a result of his receipt of the Notice of Hearing and his appearance before the AHO on October 21, 2010.
As Mr. Dupart noted, our Court held in Miccol that administrative decisions that are penal in nature are strictly construed. Indeed, the instant administrative decision was penal in nature because as a result of the Property being adjudicated blighted and a public nuisance, it was expropriated by the City and auctioned off | ^pursuant to City Code Sec. 28-58 and La. R.S. 13:2575-2576. Laws that provide for the coming into existence of liens and privileges are strictly construed. Id., 12-0864 at p. 12, 106 So.3d at 753 (citing City of Alexandria v. Shevnin, 240 La. 983, 991, 126 So.2d 336, 339 (1961)). Furthermore, when it is provided that liens and privileges may arise only after the performance of certain definite acts by a governing authority, strict adherence to such requirements is mandatory as a condition precedent thereto. Id. Thus, in the instant matter, we find that the district court committed a legal error in finding that the City’s substantial compliance with a City Code provision, which must be strictly construed, was sufficient.
Lastly, absolutely null judgments may be attacked collaterally, at any time, by rule or by any other method. Id., 12-0864 at p. 10, 106 So.3d at 752 [citation omitted]. In addition to the articles governing nullity actions in the Louisiana Code of Civil Procedure, Louisiana law recognizes that a judgment may also be absolutely null or void ab initio for defects patent on the face of the proceedings. Id. Mr. Dupart did in fact file a petition for nullity wherein he requested additional relief, including a preliminary injunction. Therefore, because the City did not comply with its mandated administrative procedures, we find that the March 9, 2011 judgment adjudicating Mr. Dupart’s property blighted and a public nuisance is null based upon defects patent on the face of the proceedings. Moreover, the district court erred in not granting Mr. Dupart a preliminary injunction because he made a prima facie showing that he was entitled to the relief sought.
We pretermit discussion of the remaining assignment of error having determined that the March 9, 2011 Administrative Judgment is null.
11SDECREE
For the foregoing reasons, the June 20, 2011 judgment of the district court denying the Motion for Preliminary Injunction of Kevin M. Dupart, is reversed, and the March 9, 2011 Administrative Judgment of the City of New Orleans is null.
REVERSED.

. The record does not contain a copy of the original Notice of Hearing; however, Mr. Du-part produced a Notice of Hearing issued by the City, in a separate code enforcement proceeding, two (2) days after his Notice of Hearing was sent.

. This appeal is numbered 2013-CA-1292.

. In appeal numbers 2012-CA-1293 and 2012-CA-1294, Mr. Dupart sought review of the denial of his second Motion for Preliminary Injunction.

. We note that the Notice of Hearing in both Miccol and in the instant appeal were issued by the City in 2010.

. As noted above, City Code Sec. 28-39(d) states that the notice "shall” state that the owner or alleged violator shall have seven days from the postmark date to respond in writing to request an extension of time prior to an administrative enforcement hearing to bring the unoccupied property within compliance with the Code. Regarding the use of the word "shall”, La. C.C.P. art. 5053 provides in pertinent part:
Words and phrases are to be read in their context, and are to be construed according *239 to the common and approved usage of the language employed. The word "shall” is mandatory ...