EDWIN A. LOMBARD, Judge.
| ,This matter is before our Court on remand from the Louisiana Supreme Court for consideration of the sole remaining assignment of error of the Appellant,[1] Kevin M. Dupart, who seeks review of the August 21, 2013 judgment of the district court denying his Motion for Preliminary Injunction. Finding that the judgment of the district court is not manifestly erroneous, we affirm.
In the prior appeals of this matter, which were consolidated by this Court, Kevin M. Dupart (“Mr. Dupart”), sought review of two (2) judgments of the district court, dated June 20, 2013, and August 21, 2013, denying his respective Motions for Preliminary Injunction. The appeals arose out of a code enforcement proceeding brought by the City of New Orleans (“the City”), against him as the owner of property located at 1416 Mandeville Street (“the Property”) in New Orleans.
In July 2010, the Property was inspected by a New Orleans code enforcement inspector, who noted violations of the unoccupied property standards code then located in Chapter 28 of the New Orleans Code of Ordinances (“the City Code”). As a result of the violations found, the City scheduled an administrative ^hearing for *1217 October 21, 2010, and a Notice of Hearing was sent via certified mail to Mr. Dupart on September 14, 2010, advising him of the October hearing date.
Mr. Dupart attended the October 21, 2010 hearing, where he was found “conditionally guilty” of City Code violations by an Administrative Hearing Officer (“AHO”) at the Recommendation of a City Facilitator. The AHO further informed Mr. Dupart that he was being fined $500 plus $75 in costs and $100 per day, but the fines would be suspended or rescinded if there was substantial work in progress by December 15, 2010, the next hearing date set. A judgment was not rendered against Mr. Dupart as a result of this hearing.
At the December 15, 2010 hearing, which Mr. Dupart attended, the AHO determined that the condition of Mr. Du-part’s property was still in violation of the City Code. He was fined $500 plus $65 in costs plus $300 per day for sixty days; however, the AHO informed him that the judgment could be suspended if he could prove that there was work in progress on the property by the next hearing date. Thus, Mr. Dupart was given a 60-day extension, until the next hearing date of February 16, 2011, to bring his property into compliance.
On February 9, 2011, the Property was again inspected and was deemed to still be in violation. Consequently, at the February 16, 2011 hearing, the AHO determined that the Property was blighted and a public nuisance. Mr. Dupart did not attend this hearing. The AHO rendered a final judgment (“the Administrative Judgment”) on February 16, 2011, but it was not signed until March 9, 2011.
The Notice of Administrative Judgment was filed as a lien in the Office of the Recorder of Mortgages for Orleans Parish in April 2011. Thereafter, the City requested the issuance of a writ of fieri facias, and the Clerk of Civil District Court issued the writ in case no. 2011-4585. A Notice of Seizure was later issued setting |sthe Property for sale by the Sheriff of Orleans Parish (“the Sheriff”) on November 8, 2011. The Property was seized by the Sheriff on August 30, 2011. On or about September 1, 2011, the City effectuated domiciliary service of the Notice of Seizure and the initial sale date on Mr. Dupart. The Property was initially offered at auction on November 8, 2011, but was ultimately sold at an April 18, 2012 Sheriffs sale.
Prior to the auction-purchaser paying for the Property and the issuance of the sheriffs deed, on May 8, 2013, Mr. Dupart filed a “Petition to Annul Sheriffs Sale, To Annul Administrative Judgment, For Temporary Restraining Order, For Preliminary and Permanent Injunction, and for Damages” seeking to enjoin the completion of the sale and delivery of the deed to the auction-purchaser. The district court granted the temporary restraining order, and Mr. Dupart’s lawsuit was transferred to the division of the district court to which the foreclosure suit had been allotted and consolidated with said suit.
A hearing on Mr. Dupart’s Motion for Preliminary Injunction was held on June 13, 2013. At the preliminary injunction hearing, Mr. Dupart argued that the Administrative Judgment was null and void for defects patent on the face of the proceedings, specifically that the Notice of Hearing did not comply with City Code Sec. 28-39(d). The district court, however, held that Mr. Dupart had been granted two (2) extensions of time to bring the Property into compliance and denied the *1218 preliminary injunction motion. Mr. Du-part appealed the denial of his Motion for Preliminary Injunction.
Mr. Dupart later filed a second Motion for Preliminary Injunction arguing that the Administrative Judgment was null and void because: 1) it was not signed within seven (7) days of the administrative hearing as explicitly required by City |4Code Sec. 28^14, and 2) it did not comply with the requirement of City Code Sec. 28-39(c) that “the notification shall expressly state: ‘The purpose of the hearing is to determine whether the unoccupied property is blighted for purposes of expropriation.’ ” The district court denied Mr. Dupart’s second Motion for Preliminary Injunction sua sponte without a hearing.
Subsequently, Mr. Dupart timely appealed the denial of his second Motion for Preliminary Injunction. Mr. Dupart’s appeals were later consolidated by this Court. City of New Orleans v. Dupart, 13-1292, 13-1293, 13-1294 (La.App. 4 Cir. 2/19/14), 136 So.3d 233. On appeal, we held that the district court erred in determining that the City’s substantial compliance with City Code Sec. 28-39(d) was sufficient and pretermitted discussion of Mr. Dupart’s remaining assignment of error. Id. Thereafter, the City filed a supervisory writ application with the Louisiana Supreme Court. The Supreme Court: granted the writ application; reversed the judgment of our Court; reinstated the judgment of the district court; and remanded this matter to our Court to consider Mr. Dupart’s remaining assignment of error. City of New Orleans v. Dupart, 14-617 (La.5/2/14), 137 So.3d 1203.
In Mr. Dupart’s sole remaining assignment of error, he avers that the district court committed a legal and a factual error and abused its discretion in denying his second Motion for Preliminary Injunction on August 21, 2013, because the Administrative Judgment is null and void as it was not signed within seven (7) days of the code enforcement hearing as required by City Code Sec. 28-44.
City Code Sec. 28-44, entitled Issuance of final order, provides:
Within seven days of an administrative enforcement hearing, the administrative hearing officer shall sign and issue a final order stating whether or not the person [5charged is liable for the violation, the amount of any fine, penalty, costs of fee assessed against him and that the abatement of the violation may be enforced by the city, administrative hearing officer or court of competent jurisdiction. Any order may be enforced by the city, administrative hearing officer or court of competent jurisdiction. The final order shall be served in the same fashion as the original notice. The final order shall notify the violator of his right of appeal and shall, so much as possible, conform to the stylistic and typographical requirements established for the notice of violation. The administrative hearing officer shall certify by order those properties which are determined to be blighted and shall direct the director to record a certified copy of related order.
Mr. Dupart argues that the “order” or Administrative Judgment in the instant matter was rendered on February 16, 2011; however, the Administrative Judgment was not signed until March 9, 2011, a difference of approximately three weeks. Mr. Dupart contends that the use of the word “shall” -within the aforementioned section indicates that it was mandatory for the hearing officer to sign the Administrative Judgment within seven days. See *1219 Miccol Enterprises, Inc., v. City of New Orleans, 12-0864, pp. 11-12 (La.App. 4 Cir. 12/19/12), 106 So.3d 746, 752-53. Thus, he argues that said judgment is an absolute nullity and cannot be valid under the terms of City Code Sec. 28-44.
Furthermore, Mr. Dupart, relying principally upon La.Code Civ. Proc. art. 1911,[2] avers that a judgment is not a judgment until it is signed. Thus, he argues that an untimely signed judgment has no legal effect and should be treated as though it was never signed. Such a judgment is null and void because it is defective on its face and cannot be cured, he contends. Thus, he argues that the | (¡district court committed a legal error or abused its discretion when it upheld the validity of the Administrative Judgment.
Mr. Dupart concedes that he cannot provide legal support for his strict interpretation of City Code Sec. 28-44.
In response, the City argues that although there was a delay before the judgment was reduced to writing, the AHO had already rendered the judgment on the record. The City notes that Mr. Dupart’s argument is actually made against the AHO, not the City, as it was the AHO’s conduct that is controlled by City Code Sec. 28-44. Additionally, the City explains that Mr. Dupart was adjudicated to be a code violator at the hearing, where the judgment was rendered. The delay in the AHO’s signing of the Administrative Judgment, the City argues, inured to Mr. Du-part’s benefit because it delayed the City’s enforcement of said judgment against him.
The City further highlights that Mr. Du-part did not appeal the order of the hearing officer. Moreover, the City avers that the annulment of the order on the basis alleged by Mr. Dupart would result in an absurd consequence that is inconsistent with the spirit and intent of the law. We agree.
Mr. Dupart is correct in his argument that the AHO untimely signed the Administrative Judgment outside of the required seven-day period. However, he did not appeal said judgment. We further note that Mr. Dupart was not prejudiced by this error. As the City argues, he benefited from the delay as it allowed him to continue his possession of the Property for a three-week period. The City was precluded from acting upon the Administrative Judgment until it was signed. Furthermore, considering the lack of legal support for Mr. Dupart’s literal interpretation of the City Code Sec. 28-44, we find that a strict interpretation of |7City Code Sec. 28-44, resulting in the nullification of the Administrative Judgment due to the AHO’s error, is unmerited under the facts presented. The decision of the district court to deny Mr. Dupart’s second Motion for Preliminary Injunction was, therefore, neither legally incorrect nor manifestly erroneous. Mid-South Plumbing, L.L.C. v. Dev. Consortium-Shelly Arms, L.L.C., 12-1731, p. 10 (La.App. 4 Cir. 10/23/13), 126 So.3d 732, 739. Thus, this assignment of error is without merit.
DECREE
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.

. See City of New Orleans v. Dupart, 14-617 (La.5/2/14), 137 So.3d 1203.

. La.Code Civ. Proc. art. 1911 provides in pertinent part that: "[ejxcept as otherwise provided by law, every final judgment shall be signed by the judge.”