**BERNARD SINGLETON**     *     **NO. 2023-CA-0053**

**VERSUS**     *

     **COURT OF APPEAL**

**DILLARD UNIVERSITY**     *

     **FOURTH CIRCUIT**

     *

     **STATE OF LOUISIANA**

**\* \* \* \* \* \* \***

APPEAL FROM
THE OFFICE OF WORKERS' COMPENSATION
NO. 19-08228, DISTRICT "08"
HONORABLE Catrice Johnson-Reid, The Office of Workers' Compensation
\* \* \* \* \* \*
**Judge Joy Cossich Lobrano**
\* \* \* \* \* \*
(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge
Tiffany Gautier Chase)

Belhia V. Martin
ATTORNEY AT LAW
1340 Poydras Street, Suite 1770
New Orleans, LA 70112

     COUNSEL FOR PLAINTIFF/APPELLANT

Patricia McKay Clotiaux
WALLER & ASSOCIATES
3838 North Causeway Boulevard, Suite 3160
Metairie, LA 70002

     COUNSEL FOR DEFENDANT/APPELLEE

     **AFFIRMED**

     **OCTOBER 4, 2023**

This is a workers' compensation case. Plaintiff/appellant, Dr. Bernard Singleton ("Dr. Singleton" or "Claimant"), appeals the April 6, 2022 judgment of the Office of Workers' Compensation ("OWC"), which dismissed Dr. Singleton's claim against his employer, defendant/appellee, Dillard University ("Dillard" or "Employer"). For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This litigation arises from an alleged unwitnessed accident and claim of occupational disease. It is undisputed that Dillard paid no wage benefits and did not authorize or pay for any medical treatment on Dr. Singleton's behalf. On December 12, 2019, Dr. Singleton filed a Form LWC-WC-1008, Disputed Claim for Compensation ("1008"), alleging that on February 7, 2019, while in the course and scope of his employment as a biology professor, he sustained an injury to his right shoulder. In the 1008, Dr. Singleton also alleged an occupational disease. The 1008 described Dr. Singleton's claim as follows:

> Claimant suffered an occupational injury when he was subjected to an unhealthy work environment. His symptoms from mold exposure first started in 2012 after

Hurricane Isaac when Dillard University experienced water damage. In the spring of 2018 claimant's class dissected cats that were stored in bags encased in formaldehyde. The cats were supposed to be removed from the classroom once the class ended in May 2018, but they were not. The cats were packed in bags of formaldehyde and kept in boxes in the classroom. Claimant returned to the classroom in September 2018, which had a foul odor since formaldehyde was leaking from the boxes. OSHA was informed of the issue. The boxes were finally removed sometime in November or December 2018, but the odor remained, which on February 7, 2019 caused claimant to become dizzy and pass out injuring his right shoulder and limiting his ability to work full duty.

On March 16, 2020, Dillard filed an answer to the 1008, denying that Dr. Singleton sustained any accident or occupational disease, incurred any loss of earning capacity, or was temporarily or permanently disabled.

On August 28, 2020, Dr. Singleton filed a supplemental and amending 1008, alleging additional injuries to his left shoulder and neck resulting from the February 7, 2019 injury. Dr. Singleton also subsequently claimed that formaldehyde vapors caused burns to the skin on his face and that Dillard had retaliated against him. On October 25, 2021, Dillard filed a motion to strike Dr. Singleton's claims of mold-related occupational disease and retaliation.[1] Dr. Singleton did not file any written opposition to the motion to strike.

On December 8, 2021, counsel of record for Dr. Singleton filed a motion to withdraw because of irreconcilable differences with respect to the representation. The OWC granted the motion. The record does not reflect that Dr. Singleton

---

[1] The retaliation claims are not at issue in this appeal, but proceeded in separate litigation.

sought or obtained new counsel before trial, and no issue is raised on appeal with respect to Dr. Singleton's representation.[2]

Trial went forward on March 31, 2022, where Dr. Singleton appeared in proper person and Dillard was represented by counsel. At the start of trial, Dillard presented arguments on its motion to strike. Dr. Singleton responded to those arguments but did not oppose the motion. The workers' compensation judge ("WCJ") granted the motion from the bench, dismissing the occupational disease and retaliation claims.

The only exhibits that Dr. Singleton introduced into evidence at trial were a series of photographs. These photographs depicted the classroom-laboratory where he was allegedly injured; various large open cardboard boxes at the laboratory site; a wet substance and wet paper towels on the floor next to certain boxes; and the inside of certain boxes containing cat specimens covered in mold. He also sought to introduce another set of photographs, which he claimed showed formaldehyde burns to his face, but the WCJ did not permit their introduction as exhibits, and instead allowed Dr. Singleton to proffer these photographs. Dr. Singleton did not introduce any medical records or medical bills into evidence. The transcript reflects that the parties and the WCJ discussed a "post-operative report" or "discharge instructions" as well as a "medical summary" but no party introduced these documents into evidence and they are not a part of the record.

---

[2] Dr. Singleton is represented by counsel on appeal.

Dr. Singleton testified on his own behalf and did not call any other witnesses. He testified that he sustained the accident while he was alone in the laboratory after class, when he slipped and fell on formaldehyde that had leaked from the boxes onto the floor. The WCJ and Dillard's counsel both questioned Dr. Singleton about the discrepancy between this testimony and the version of events alleged in the 1008. The 1008 states the boxes containing the cat specimens were removed from the laboratory in November or December 2018; later, on February 7, 2019, Dr. Singleton fell after he became dizzy and passed out from the foul odor remaining from the removed boxes. In his trial testimony, however, Dr. Singleton denied becoming dizzy or passing out, and he attributed the allegations in the 1008 to "what someone interpreted" in his prior attorney's office. He stated that some boxes were removed from the laboratory, but that others remained and new boxes were delivered. He identified photographs of open boxes in the laboratory and a spilled substance on the floor next to certain boxes, which he testified was the formaldehyde on which he slipped. He stated that he took these photographs the day after his accident. He testified that, on the day of the alleged accident, the lab did not look exactly as the photographs depicted because after the fall, he started opening the boxes.

Notably, Dr. Singleton did not provide any testimony that he injured his neck or shoulders when he fell. Rather, he testified that he sustained a chemical burn on his face from the formaldehyde. Dr. Singleton testified that he attempted to report the accident to an administrative assistant in the STEM office after the

4

accident, who advised him to contact "HR." He stated that he called and sent an email to this effect. No documents corroborating this testimony were introduced into evidence.

Dillard did not call any witnesses or introduce any evidence. After Dr. Singleton rested his case, Dillard made an oral motion for involuntary dismissal, which the WCJ granted in open court.

On April 6, 2022, the OWC rendered judgment in favor of Dillard; found that Dr. Singleton failed to prove a compensable claim; denied Dr. Singleton's claims for accidental injury and occupational disease; and dismissed this matter, with prejudice, in its entirety. This appeal followed.

## LAW AND ANALYSIS

### Standard of Review

In a workers' compensation claim, an appellate court reviews the OWC's findings of fact under a manifest error or clearly wrong standard. *Ardoin v. Firestone Polymers, L.L.C.*, 10-0245, pp. 5-6 (La. 1/19/11), 56 So.3d 215, 219 (citing *Bruno v. Harbert Int'l Inc.*, 593 So.2d 357, 361 (La. 1992); *Rosell v. ESCO*, 549 So.2d 840, 844 (La. 1989)). The OWC's findings "as to whether the worker's testimony is credible and whether the worker has carried his burden of proof are factual determinations that may not be disturbed on review absent a showing of manifest error." *Duran v. Turner Indus. Grp., LLC*, 11-0210, p. 4 (La. App. 4 Cir. 7/20/11), 70 So.3d 1074, 1076 (citing *Bruno*, 593 So.2d at 361). Questions of law in a workers' compensation proceeding, however, are reviewed *de novo* to

5

determine whether the ruling was legally correct. *Tulane Univ. Hosp. & Clinic v. Lockheed Martin Corp.*, 11-0179, p. 3 (La. App. 4 Cir. 6/29/11), 70 So.3d 988, 990.

**Compensable Injury by Accident**

In his 1008, Dr. Singleton alleged both an accidental injury on the job and an occupational disease. The primary issue on appeal is whether Dr. Singleton failed to meet his burden of proving a compensable injury by accident. To obtain benefits under the Louisiana Workers' Compensation Act, the "threshold requirement" the employee must establish is "personal injury by accident arising out of and in the course of his employment." *Marti v. City of New Orleans*, 12-1514, p. 18 (La. App. 4 Cir. 4/10/13), 115 So.3d 541, 553 (quoting La. R.S. 23:1031(A))(emphasis omitted). "The initial burden of proof is upon the claimant to establish, by a preponderance of the evidence, that an accident occurred on the job and that the claimant sustained an injury." *Matthews v. Big Easy Janitorial, L.L.C.*, 22-0164, p. 7 (La. App. 4 Cir. 8/10/22), 346 So.3d 325, 331, *writ denied*, 22-01347 (La. 11/16/22), 349 So.3d 1001 (citation omitted). "The claimant must then establish, by a preponderance of the evidence, a causal connection between the accident and [a] resulting disability." *Id.*

Dr. Singleton contends that no one witnessed his accident. The Louisiana Supreme Court set forth the following well-settled legal principles and relevant burden of proof with respect to unwitnessed accidents:

- An "accident" is an "unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without

human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La. R.S. 23:1021(1).

- An employee may prove – by his or her testimony alone – that an unwitnessed accident occurred in the course and scope of employment if the employee can satisfy **both** of two elements:

    1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; **and**

    2) the worker's testimony is corroborated by the circumstances following the alleged accident.

- Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses, or friends, or by medical evidence.

- In deciding whether the plaintiff-worker has discharged his or her burden of proof, the fact-finder should accept as true a witness's uncontradicted testimony, although the witness is a party, absent circumstances casting suspicion on the reliability of this testimony.

*Ardoin*, 10-0245, pp. 4-5, 56 So.3d at 218-19 (citing *Bruno*, 593 So.2d at 361).

On the record before us and considering the scant evidence presented at trial, we find that Dr. Singleton failed to meet his initial burden of proving that an accident occurred on the job and that he sustained an injury. The second element necessary to establish an unwitnessed accident is not satisfied: Dr. Singleton's testimony is not corroborated by the circumstances following the alleged accident. No fellow workers, spouses, or friends testified, and no medical evidence was introduced at trial. No documentary evidence appears in the record that Dr. Singleton reported an accident to anyone at Dillard or to any health care provider in seeking post-injury treatment. Other than Dr. Singleton's testimony, the only evidence admitted at trial was a series of photographs, which, according to Dr. Singleton, did not accurately show the condition of the laboratory on the date and

7

time in question. He testified that, after sustaining the accident but before taking the photographs, he opened the various boxes throughout the laboratory; he then took photographs of the laboratory the next day. He did not identify any photograph depicting where he fell.

Notably, as to proof of an injury, Dr. Singleton did not testify that he injured his neck or shoulders when he fell. Rather, he testified that he sustained a chemical burn on his face from the formaldehyde. The OWC excluded the photographs that Dr. Singleton claimed showed such a burn, but Dr. Singleton does not raise this issue as error on appeal. Again, Dr. Singleton did not introduce any medical records or bills into evidence at trial. No evidence of any medical treatment appears in the record. The transcript contains the parties' cursory discussion of a document referencing a cervical spine surgery and epidural injections, but no such document was introduced into evidence. It is not a part of this Court's record, and we cannot review it. "A court of appeal is a court of record, which must limit its review to evidence in the record before it." *Miccol Enterprises, Inc. v. City of New Orleans*, 12-0864, p. 6 (La. App. 4 Cir. 12/19/12), 106 So.3d 746, 750. "An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence." *Id.*, 12-0864, p. 7, 106 So.3d at 750.

The trial transcript suggests that the WCJ found Dr. Singleton's testimony confusing and difficult to understand, if not implausible, particularly because Dr. Singleton presented for the first time at trial a version of an accident at odds with what was alleged in his 1008. Dr. Singleton explained this discrepancy as his prior

attorney's misinterpretation of his claim. Dillard did not introduce Dr. Singleton's deposition testimony as impeachment evidence. Even setting aside any credibility determination the WCJ may have made, the lower court could have reasonably found Dr. Singleton's testimony unsupported by the meagre record evidence, which failed to meet Dr. Singleton's threshold burden to prove the occurrence of both an accident and an injury. We find no clear error in the determination that Dr. Singleton failed to prove the existence of a compensable accident entitling him to workers' compensation benefits.

**Occupational Disease**

*Mold Exposure*

Dr. Singleton argues that the OWC erred in granting Dillard's motion to strike his mold-related occupational disease claim. He provides no specific argument in this regard, merely stating in his brief that he "worked under hazardous conditions at his place of work. They were hazardous because the Appellee allowed mold to form after Hurricane Ida [sic]. . . ." On appeal, "[t]he court may deem as abandoned any assignment of error or issue for review which has not been briefed." Uniform Rules—Courts of Appeal, Rule 2–12.4(B)(4). Further, "[r]estating an assigned error in brief without argument or citation of authority does not constitute briefing." *Cormier v. Louisiana Farm Bureau Casualty Ins. Co.*, 12-0892, p. 9 (La. App. 3 Cir. 2/6/13), 109 So.3d 509, 515 (quoting *State v. Caffrey*, 08-0717, p. 7 (La. App. 5 Cir. 5/12/09), 15 So.3d 198,

9

203). Dr. Singleton merely restates his argument and cites to no authority in support.

Moreover, Dr. Singleton failed to oppose the motion to strike in the lower court, and instead made multiple statements on the record that he was not making any claim that mold injured him:

> MR. SINGLETON:
> Thank you. I was not making a case of the mold, per se, that was just a -- an inferences on what was going on in the environment produced had something to do with that.
>
> THE COURT:
> So you are conceding that the mold should not be part of your -- -
>
> MR. SINGLETON:
> I'm not -- because I'm not saying that the mold is the reason why.
>
> THE COURT:
> She is trying to strike that from the pretrial statement that was filed on your behalf. There is a statement in the pretrial statement regarding that.
>
> MR. SINGLETON:
> And I'm saying that there wasn't a point of it was the mold that caused the accident. That's not what I was saying. I was saying that the cats were molded, and that the formaldehyde existed, and the formaldehyde was spilled over the floor. So that wasn't the -- the mold wasn't so much of the issue, except for the fact that those cats have been in there long enough for a preserved animals to develop the molding condition. Even after I repeatedly asked them to remove these cats. Because in the past, prior to this administration, we had a contractor's company for those cats, immediately after they were supposed to be disposed of.

We, therefore, consider this assignment abandoned on appeal.[3]

---

[3] Dr. Singleton lists as an issue for review Dillard's stipulation that he was a tenured professor. This issue is not briefed. We likewise deem this issue abandoned.

***Formaldehyde Exposure***

Throughout Dr. Singleton's brief, he references workplace formaldehyde exposure and suggests an unspecified illness. No such claim was raised before the OWC. Ordinarily, appellate courts will not consider issues raised for the first time on appeal, which the lower court has not addressed. *Square v. Hampton*, 13-1680, p. 17 (La. App. 4 Cir. 6/4/14), 144 So.3d 88, 99 n. 23. "Moreover, because this issue was not raised below, the record is devoid of arguments and evidence for this Court to review related to this assignment of error." *Mule v. St. Bernard Parish Fire Dep't*, 18-0507, p. 5 (La. App. 4 Cir. 11/21/18), 259 So.3d 452, 455. We find that Dr. Singleton is precluded from raising this issue on appeal, as the OWC did not have an opportunity to address it.

**Medical Records**

Dr. Singleton contends that the OWC erred in denying his claim because he did not present certified copies of his medical records. He contends that uncertified records are admissible due to relaxed evidentiary standards in OWC proceedings.[4] The record does not reflect that any such ruling formed a part of the lower court's judgment. Rather, no medical records – certified or otherwise – were introduced

_____

[4] The relaxed evidentiary standard for workers' compensation proceedings, set forth in La. R.S. 23:1317(A), provides, in pertinent part, as follows:

> The workers' compensation judge shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence and all compensation payments provided for in this Chapter shall mean and be defined to be for only such injuries as are proven by competent evidence, or for which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself. The workers' compensation judge shall decide the merits of the controversy as equitably, summarily, and simply as may be.

into evidence, and no evidentiary ruling was made excluding any medical records from evidence. There is nothing for this Court to review. "It is incumbent upon the party who contends his evidence was improperly excluded to make a proffer, and if he fails to do so, he cannot contend such exclusion is error." *Ritter v. Exxon Mobile Corp.*, 08-1404, p. 9 (La. App. 4 Cir. 9/9/09), 20 So.3d 540, 546. This Court's appellate review is limited to the evidence presented in the record. *See* La. C.C.P. art. 2164. Without proffered evidence in the record, we have no ability to review that evidence, and Dr. Singleton is precluded from raising this issue on appeal.

## CONCLUSION

Accordingly, for the reasons ascribed in this opinion, the April 6, 2022 judgment of the Office of Workers' Compensation is affirmed.

**AFFIRMED**