PER CURIAM.
| ¶ This civil writ calls into question the sufficiency of the notice sent in a code enforcement proceeding brought by the City of New Orleans (City) against Kevin M. Dupart, as owner of property located in New Orleans, Louisiana. Finding the City substantially complied with the notice requirements at issue, we grant this writ to reverse the court of appeal, reinstate the trial court’s judgment, and remand to the court of appeal to address defendant’s remaining assignments of error.
*1204 After noting violations of the unoccupied property standards code then located in Chapter 28 of the New Orleans Code of Ordinances (City Code), the City scheduled an administrative hearing and sent a Notice of Hearing to Dupart 12via certified mail.[1] At the hearing, the Administrative Hearing Officer (AHO) determined the condition of the property was in violation of the City Code, but granted Dupart an extension of two months to demonstrate substantial work in progress so as to suspend or rescind the fines assessed against him.' The AHO again determined the property was in violation of the City Code at the second hearing, but further granted Dupart another two-month extension. Du-part failed to appear for the third hearing where the AHO determined the property was blighted and a public nuisance. The property was later seized and sold at a sheriffs sale, but before the purchase price was paid and the deed issued, Dupart filed a petition to annul the sale and administrative judgment, for temporary restraining order, for preliminary and permanent injunction, and for damages, seeking to enjoin the completion of the sale and delivery of the deed.
The trial court granted the temporary restraining order, and at the preliminary injunction hearing, Dupart argued the administrative judgment was null and void for defects patent on the face of the proceedings, specifically the Notice of Hearing did not comply with City Code Sec. 28-39(d), which provides: “The notice shall state that the owner or alleged violator shall have seven days from the postmark date to respond in writing to request an extension of time prior to an administrative enforcement hearing to bring the unoccupied property within compliance with the Code.”
The trial court denied Dupart’s motion reasoning Dupart had been granted two extensions of time to bring the property into compliance and therefore the City substantially complied with the law, Du-part was proeedurally noticed regarding the condition of his property, he failed to remedy the defects, and he was afforded reasonable opportunities to be heard. The Court of Appeal reversed, finding the | ¡¡trial court committed legal error in finding the City’s substantial compliance with Sec. 28-39(d), which must be strictly construed, was sufficient.
While the notice might not have explicitly provided notice of Dupart’s right to request an extension prior to the first administrative hearing, we find Dupart was given two extensions and each time was also given a two-month window within which to remedy the defects or show substantial work in progress before the next administrative hearing. Significantly, the property was not even adjudicated blighted until the third hearing and only after the two extensions had lapsed and the property had still not been brought into compliance. Moreover, Dupart appeared at both hearings during which he was granted his extensions and never contested the notice.
Accordingly, we agree with the trial court that under these particular circumstances, substantial compliance with the notice requirements was sufficient as Du-part was proeedurally noticed regarding the condition of his property and was afforded reasonable opportunities to be heard, but still failed to remedy the defects even after multiple extensions. Accordingly, we reverse the judgment of the court of appeal, reinstate the trial court’s judgment on this issue, and remand to the court of appeal to address Dupart’s remaining assignments of error on appeal.
*1205 REVERSED; REINSTATED; and REMANDED TO THE COURT OF APPEAL.

. The record does not contain a copy of the original Notice of Hearing.