DANIEL L. DYSART, Judge.
11Arthur Petivan appeals a judgment rendered on a motion for new trial, in which the trial court reversed its previous ruling denying exceptions filed by the City of New Orleans, and maintaining the City’s Exception of Prescription. For the reasons that follow, we affirm.
BACKGROUND:
Arthur Petivan owns property at 4131-33 N. Rampart in New Orleans. The property was severely damaged by Hurricane Katrina in 2005. Petivan claims to have made substantial repairs to the property, but despite his best efforts, the City of New Orleans (“City”) levied fines and penalties against him, preventing him from paying his ad valorem taxes because the alleged exorbitant fines and penalties must be paid before he can pay his tax bill.
On June 10, 2009, the City sent Petivan a “notification of violation and hearing notice.” The notice informed Petivan of the ' hearing date, and listed the violations relative to the blighted condition of the property.
12The record indicates that Petivan appeared at the initial hearing on June 10, 2009, and asked for more time to complete repairs. The hearing was continued five more times at Petivan’s request. When Petivan did not appear at the last setting on May 5, 2010, the hearing officer received evidence that the property had not been brought in compliance, and adjudicated Petivan guilty. As a result, a Notice of Judgment was sent to Petivan indicating that he was found in violation of ordinance 28-37 allowing a public nuisance, and was assessed $575 in fines and costs. Additionally, he was notified that a fine of $100 per day could be assessed after thirty days if the property was not repaired. The notice further informed him that failure to pay the fines within 30 days could result in a lien being placed on the property, and if he failed to pay the lien with his next tax bill, the property could be sold. It also informed him that the property could be eligible for demolition as it was declared a public nuisance. Lastly, the notice informed Petivan that he had thirty days from the date of the judgment to appeal to the Civil District Court for the Parish of Orleans.
Petivan did not appeal and on July 7, 2010, another Notice of Judgment was rendered declaring the property blighted and a public nuisance. Fines were assessed and Petivan was informed that a daily fine of $300 could be assessed if the property was not brought into compliance. Again, Petivan was informed that he had thirty days to appeal.
On July 15, 2010, a third Notice of Judgment was issued, finding Petivan guilty of “demolition by neglect.” The notice informed him that the City could 1,shire a contractor to repair the property at Peti-van’s expense, and that failure to pay the fines and costs within thirty days would result in the Notice of Judgment being filed as a lien. The notice again stated that Petivan had thirty days to appeal.
Petivan did not appeal any of the three judgments rendered against him. Rather, on September 13, 2011, Petivan filed a Petition for Injunction and Declaratory Judgment against the City seeking to enjoin the City from collecting the fines and costs assessed to him, the non-payment of *633 which resulted in liens on the property. He also sought damages for harassment, to have the ordinances he was charged with violating declared unconstitutional, and attorney fees.
The City filed exceptions of prescription, no cause of action, and non joinder of a party, and an answer. The exception of prescription alleged that the petition should be dismissed as the administrative judgment that formed the basis of the suit was rendered on July 7, 2010, and the petition was not filed until September 13, 2011, well in excess of the thirty day period for appeal. The exception of no cause of action alleged that Petivan failed to assert irreparable harm under the law. Last, the exception of non joinder of a party alleged that Petivan sought a judgment against the mayor and the City council, but those entities were not named as defendants in the petition.[1]
Petivan opposed the exception of prescription arguing that because he was challenging the constitutionality of the ordinances, the City could not avail itself of the claim of prescription. In response to the exception of no cause of action, |4Petivan argued that he did not need to prove irreparable harm when the defendant is acting in violation of the law and the plaintiff is protecting his property rights.
Petivan filed a Motion for Summary Judgment and Setting of Exceptions and for Writ of Mandamus. Petivan argued that there was no genuine issue of material fact that the City had failed to follow mandatory notice provisions for the administrative hearings. He moved to annul the liens against his property for failure of the City to comply with due process mandates. The writ of mandamus was directed to the clerk of court ordering her to cancel the liens against his property which were recorded in the mortgage records.
In its opposition to the summary judgment, the City again argued that Petivan’s claims were prescribed. It argued that Petivan had been properly notified of the hearings, and had been afforded the opportunity to be heard.[2] Petivan was not fined until he did not appear at the May 5, 2010, hearing and was found guilty of the violations. The final notice of judgment, signed July 15, 2010, was mailed to Petivan and recorded in the Orleans Parish mortgage records as a lien.
After a hearing on the exceptions and motion for summary judgment, the trial court denied Petivan’s motion and overruled the City’s exceptions. Petivan sought a writ to this Court on the denial of his summary judgment, which was denied.
The City filed a Motion for New Trial asking the trial court to set aside its previous judgment overruling its exception of prescription. The grounds for the | ^motion were that the judgment was clearly contrary to the law and evidence as Petivan’s petition was prescribed on its face.
On February 7, 2014, the trial court considered the City’s motion for new trial and granted it, maintaining the City’s exception of prescription. It is from that judgment that Petivan appeals.
DISCUSSION:
Petivan raises two assignments of error: 1) the trial court erred in failing to void the judgment assessing daily fines *634 against him[3], because. the City failed to comply with the procedures as required by its own ordinances; and 2) the trial court erred in failing to find that the administrative proceedings and resulting fines for the ordinances in question are unconstitutional, as they are not narrowly tailored to achieve a compelling government interest in the least restrictive means possible, and they are arbitrary and capricious.
The only issue before this Court is whether the trial court erred in maintaining the City’s Exception of Prescription. After a thorough review of the record, we find Petivan’s claims are prescribed.
Prescription is a peremptory exception. La.Code Civ. Proc. art. 927. When the exception of prescription is raised in the trial court prior to trial of the case, evidence may be introduced to support or controvert it. La.Code Civ. Proc. art. 931. If evidence is introduced, the trial court’s findings of fact are reviewed [ (¡according to the manifest error/clearly wrong standard. London Towne Condo, Homeowner’s Ass’n v. London Towne Co., 06-0401, p. 4 (La.10/17/06), 939 So.2d 1227, 1231; Weber v. Metropolitan Cmty. Hospice Found., Inc., 13-0182, pp. 5-6 (La.App. 4 Cir. 12/18/13), 131 So.3d 371, 375.
Petivan argues that the City did not follow the procedures for enforcing ordinances as set out in its own Code. He also claims that the notice he received was patently defective as the amount of fines shall be established in a separate penalty phase before being assessed as a lien to the ad valorem tax bill. Further, because the City did not file an affidavit of lien and a certified copy of the notice of judgment with the recorder of mortgages, the lien is invalid and should not have been assessed on the tax bill. Because of these deficiencies, Petivan argues that the judgments against him should be declared null and void.
The City counters that Petivan was afforded due process as evidenced by his appearance at five hearings at which he argued the merits of why the repairs had not been made, and requested an extension to complete the necessary repairs. It was not until his failure to appear at the sixth hearing, for which he had received notice at the fifth hearing, that he was found guilty of violation of the ordinances. At the last hearing, the hearing officer made a ruling based on the City’s code enforcement file. Petivan’s failure to appear was deemed an admission of liability, which is allowed by law.[4] Therefore, Peti-van waived his right to bring a challenge 17based on his allegations of failure to comply with requirements of notice, citation or petition.
In a case factually similar to the instant case, Kevin Dupart received notice that his property was in violation of the City Code, and that an administrative hearing was scheduled. At the hearing, the hearing officer determined the property was in violation of the Code, but granted Dupart an extension to demonstrate that substantial work had been done to his property. Dupart again asked for an extension at the second hearing, and was granted additional time. At the third hearing, Dupart failed to appear and his property was adjudicated blighted and a public nuisance. His property was seized and sold at a sheriffs sale, but before the purchase price was paid and the deed issued, Dupart filed *635 a petition to annul the sale and the administrative judgment, and requested a temporary restraining order and preliminary and permanent injunction.
At the hearing on the preliminary injunction, Dupart argued that the judgment was invalid for defects patent on the face of the proceedings as the notice did not comply with notice provisions of the City Code. The trial court denied his motion for a preliminary injunction reasoning that Dupart had been granted two extensions of time to bring his property into compliance. Therefore, the City substantially complied with the law concerning notice to Dupart, that he was afforded ample opportunity to be heard, but that he failed to remedy the defects. The Fourth Circuit reversed, finding that it was legal error to find that the City’s ^“substantial compliance” was sufficient. City of New Orleans v. Dupart, 14-0617, p. 3 (La.5/2/14), 137 So.3d 1203.
The Louisiana Supreme Court granted the City’s writ, and held:
While the notice might not have explicitly provided notice of Dupart’s right to request an extension prior to the first administrative hearing, we find Dupart was given two extensions and each time was also given a two-month window within which to remedy the defects or show substantial work in progress before the next administrative hearing. Significantly, the property was not even adjudicated blighted until the third hearing and only after the two extensions had lapsed and the property had still not been brought into compliance. Moreover, Dupart appeared at both hearings during which he was granted his extensions and never contested the notice.
Accordingly, we agree with the trial court that under these particular circumstances, substantial compliance with the notice requirements was sufficient as Dupart was proeedurally noticed regarding the condition of his property and was afforded reasonable opportunities to be heard, but still failed to remedy the defects even after multiple extensions.
Id., 14-0617, p. 3,137 So.3d at 1204.
Petivan does not deny that he received the first notice, which included explicit details on how he was to proceed.[5] He also does not deny receiving notice of the rescheduled hearing each time, or that he failed to make the repairs necessary to bring his property into compliance. Rather, he argues that the adjudication must be reversed based on deficiencies in the notice process.
Following the Supreme Court’s ruling in Dupart, we cannot agree with Petivan’s arguments. The initial notice of hearing informed Petivan that the purpose of the hearing was to determine whether the unoccupied property was | flighted for purposes of expropriation, or if it was a public nuisance for the purposes of demolition. The notice further explained that the property owner was afforded all the rights given at a normal trial. If the owner was found guilty at the conclusion of the hearing, he could be charged a fine of $100 to $500 a day until the violations were corrected. If not corrected, the City could attempt to seize the property and pay the owner fair market value. If the City made the necessary repairs or demolished the property, the owner would be charged for the cost. Also attached to the notice was a Code Enforcement handbook, which explained the enforcement process, the City’s standards for unoccupied property, and the rights and responsibilities of property *636 owners. The violation list indicated that the building in question was an accessory building on the property.
The Notices of Judgment received by Petivan also clearly indicated the violations for which he was found guilty, what the fines were, and how he could rectify the situation. The notices also clearly stated that he could appeal the judgments to the Civil District Court of the Parish of Orleans within thirty days. Petivan did not file any pleadings in the Civil District Court until September 13, 2011, when he instituted the subject proceedings.
In his second assignment of error, Peti-van raises constitutional challenges to the City Code ordinances under which he was adjudicated guilty, and fined. As we find Petivan’s petition has prescribed, we pre-termit discussion of those issues.
Accordingly, we affirm the ruling of the trial court maintaining the City’s Exception of Prescription.
ImAFFIRMED.

. This exception was cured by the filing of a supplemental and amending petition naming the mayor and the City council.

. As noted infra, Petivan appeared at the initial hearing, asked to have it reset, and was given notice of the new hearing. He appeared five more times and requested that the matter be reset.

. Petivan claims the fines were assessed at $500 per day; however, the record indicates that the fines were not more than $300 per day, effective 30 days after judgment if property not brought in compliance.

. See New Orleans Code of Ordinances, Section 28-40 and La. R.S. 13:2575 D(l).

. See ante, p. 632.